## Frank H. Meyer v. City of Decatur.

1. DRAM-SHOP—*how city's power to license, must be exercised.* A city's power to license or to refuse to license dram-shops can only be exercised through general ordinances operating uniformly upon all persons of the class to which the ordinances relate.

2. DRAM-SHOP—*refusal to license, cannot be predicated upon mere whim.* A city cannot reserve by ordinance or exercise an arbitrary power with respect to the issuing or the refusing of a dram-shop license.

3. MANDAMUS—*when writ of, to compel issuance of dram-shop license, will not be issued.* Unless it is made clearly to appear that the· petitioner has complied with all the requirements of the ordinance relating to the granting of dram-shop licenses, he is not entitled to the writ of *mandamus* in the event of a refusal to grant such license.

*Mandamus* proceeding. Appeal from the Circuit Court of Macon County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the November term,· 1905. Affirmed. Opinion filed March 20, 1906.

C. E. SCHROLL, for appellant.

W. NOY BOGGESS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a proceeding by Frank H. Meyer, appellant, against the city of Decatur, appellee, to compel the city council of said city to forthwith approve an application by appellant to said city for the issuance to him of a license to keep a dram-shop and to require appellee to issue to him such license. To appellant's petition for a peremptory writ of *mandamus* appellee interposed its demurrer, which was sustained by the court, and appellant electing to abide his petition, judgment was entered against him in bar of the action.

The portions of the ordinances of the city of Decatur relating to the licensing of dram-shops, here involved, are as follows:

"3. License — Fee — Bonds, Etc. The city council may in its discretion grant license for a term not less than three months nor exceeding one year to such person or persons as may apply therefor, to retail intoxicating liquors, upon such person or persons paying into the city treasury the sum of one hundred and twenty-five dollars for three months, or five hundred dollars for one year, and executing a bond to the city of Decatur in the penal sum of one thousand dollars, signed by at least two good and sufficient securities, freeholders of the city, which bonds shall be approved by the city council before license issues. * * * Said applicant or applicants shall also, before license shall be issued, give bond in the sum of three thousand dollars, payable to the People of the State of Illinois, with at least two good and sufficient sureties, freeholders of the county of Macon to be approved by the city council conditioned that he will pay to all persons all damages that they may sustain either in person or property or means of support, by reason of the person so obtaining the license selling or giving away intoxicating liquors, * * * and provided further, that all licenses granted under the provisions of this ordinance shall begin and expire either on the ninth day of August, November, February, or May, and no license shall be granted to extend beyond the municipal year in which it shall be granted; Provided, the city council shall reserve the exclusive right to be the sole judge to whom license shall issue and to limit the number of licenses to be issued.

"4. Notice of Application in New Place. That no license shall hereafter be issued to any person or persons to retail malt or intoxicating liquors in any room or place not immediately heretofore used as a dram-shop, unless the person or persons applying for the same shall have first published for two weeks successively, in some daily newspaper published in the city, his or their intention of making application to the city council at its next regular meeting thereafter for said license, designating the house in which he or they intend carrying on said business, and the lot on which said house is situated, and the block and addition in which said lot is located; which said notice shall be in the following form as nearly as may be:" (Here follows form of notice.)

By section 1 of another ordinance it is provided that all that portion of the city of Decatur lying without certain territory therein, particularly described, shall be known and treated as a prohibited district within which it shall be unlawful to issue a license to keep a dram-shop.

The petition alleges that on August 14, 1904, appellant filed with the city clerk of the city of Decatur for approval a certain legal bond in the sum of $3,000, to the People of the State of Illinois, and that the persons whose names are subscribed to said bond are each and all freeholders of Macon county and are good and solvent sureties, worth at least $15,- 000 over and above all liabilities and exemptions. The bond is set up *haec verba* and bears date August 14, 1904. It recites that appellant desires to keep a dram-shop in the city of Decatur for the full term of one year from the ........ day of ........, and makes application for the issuance to him of a license therefor for the first three months of said term of one year, said three months commencing on the ........ day of ........ and ending on the 9th day of November, 1905.

The petition further alleges that on the ........ day of August, 1905, appellant filed with said city clerk a certain other legal bond for the sum of $1,000 to the city of Decatur, which is also set up in full and which contains the same recitals with reference to the time of the commencement and termination of the obligation as the other bond.

The petition further alleges that on the ........ day of August, 1905, appellant presented to the city council his petition in due form for the issuance to him of a license to keep a dram-shop; that said petition was not acted upon at the meeting at which it was presented, but action was postponed until August 28, 1905, when said petition was refused by said city council; that on September 5, 1905, appellant made a demand in writing upon said city council to issue to him a dram-shop license in pursuance of his application therefor; that the bonds presented by him were duly approved by the city clerk of said city and that said city clerk accepted $125 as and for appellant's license fee, and

that the money so paid has not been refunded to appellant, nor has appellant asked that it be refunded to him; that the said city clerk and said city council refused and still refuse the petition and demand of appellant to conduct a dram-shop, without any good and sufficient reason; that appellant is a man of good moral character; that at various meetings of the city council from and after August 9, 1905, about sixty licenses were granted to different persons in the city of Decatur, and three persons were granted licenses in the same street and block wherein appellant applied for a license; that there have been for years four licensed saloons in said block and there are three licensed saloons in said block operating under licenses granted by said city at or about the time appellant applied for his license; that the premises in which appellant has applied for a license to keep a dram-shop is not within the prohibited district established by the ordinance of said city; that appellant before making application to the city council for a license published a notice for the period of two weeks successively in a daily newspaper published in said city, as required by the revised ordinances of said city; that the application and demand of appellant is refused without any reason being assigned therefor and such refusal is unreasonable and arbitrary and an unjust and illegal discrimination against appellant and in favor of other applicants, and is promoted by caprice and favoritism.

By virtue of the legislative grant of power the city council of the city of Decatur is authorized to license, regulate and prohibit the selling or giving away of intoxicating liquors, but the power so granted can only be exercised through general ordinances operating uniformly upon all persons of the class to which the ordinance relates. City of East St. Louis v. Wehrung, 46 Ill., 392; Zanone v. Mound City, 103 Ill., 552; People v. Cregier, 138 Ill., 401. It is not doubted but that an ordinance may be enacted limiting the number of dram-shops to be licensed, prescribing certain prohibited districts, and determining the terms and conditions upon which such licenses shall be granted, but the city council may

not by ordinance reserve to itself an arbitrary discretion to license one person and refuse to license another having like qualifications, through mere caprice or favoritism.

The ordinance must prescribe certain fixed rules and regulations whereby its impartial enforcement can be secured. People v. Cregier, *supra;* Cicero Lumber Co. v. Cicero, 176 Ill., 9; Noel v. People, 187 Ill., 587.

The provision in section 3 of the ordinance reserving to the city council the exclusive right to be the sole judge to whom license shall issue, is merely the reservation of an arbitrary discretion subject to be exercised through considerations of caprice and favoritism and must be held to be discriminatory and illegal. It is clearly distinguishable from the ordinance enacted by the village board of Hyde Park reserving to the board a discretion to determine the number of dram-shops the public good required. People v. Cregier, *supra.* The further provision in the same section, reserving to the city council the right to limit the number of licenses to be issued, is merely declaratory of a right vested in the city council by the legislature. Such right can, however, only be exercised through an ordinance fixing the number of licenses to be issued, or providing some uniform method by which the number shall be determined.

It is said that the ordinance is not mandatory upon the city council in regard to the issuing of licenses, and the language of the ordinance, "The city council may in its discretion grant license," etc., is quoted in support of such contention. If the city council had refused to issue licenses to any person or persons, it may be doubted whether it could be compelled to issue a license to a person complying with all the requirements of the ordinance, but having exercised such discretion in favor of the issuing of licenses to certain persons, as is alleged in the petition, the ordinance, should be held to be mandatory upon the city council to issue licenses to all persons complying with its provisions.

It is elementary that the remedy by *mandamus* can only be invoked where the relator sets forth and establishes a

clear right to coerce the respondent to do the thing sought to have done.

It will be observed that the ordinance provides that all licenses granted thereunder shall begin and expire either on the ninth day of August, November, February or May. Appellant did not file his application for license with the city clerk until August 14, 1905, being five days after the date fixed by the ordinance for licenses granted thereunder to begin, and the bond then filed by applicant was defective in that it failed to state when the year during which he desired to keep a dram-shop, or the first three months for which license was to be issued, was to begin. The petition also fails to allege the date upon which the bond for $1,000, payable to the city of Decatur, was filed with the city clerk, and it does not appear whether said bond, the filing of which is a prerequisite to its approval and the granting of a license, was filed before or after appellant's application for a license was presented to the city council. The bond last mentioned is also defective in the same particulars as the bond alleged to have been filed on August 14th. Furthermore, it does not sufficiently appear that the notice of appellant's intention to apply for a dram-shop license which the petition alleges was published for the period of two weeks successively before making application for the license, was in conformity with the requirements of section 4 of the ordinance. The allegation of the petition in that regard is merely the conclusion of the pleader.

It not sufficiently appearing from the allegations of the petition that appellant has complied with all the requirements of the ordinances relating to the granting of dram-shop licenses, he has failed to show a clear right to the relief prayed, and therefore the demurrer to the petition was properly sustained. The judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*