## Frank H. Meyer, Appellant, v. City of Decatur, Appellee.

1. MUNICIPAL CORPORATIONS—*when dram-shop ordinance not invalid.* An ordinance which gives to a city council "the exclusive right to be the sole judge to whom licenses shall issue" is not for that reason invalid.

2. DRAM-SHOPS—*when refusal to license, arbitrary and illegal.* While a city council may have power in the exercise of a reasonable discretion of which it is possessed to limit the number of licenses that shall be granted on a particular street and within a certain block, such limitation should be definitely established by prescribing through legal enactment the number of such licenses to be issued, for the guidance of applicants, providing a method by which, in the event that applications were presented in excess of the number, it would be determined which of them should be granted; but where no such limitation has been so imposed, it is arbitrary, unreasonable and an abuse of discretion to deny a license to a particular applicant merely because the city council at the time of considering such application is of opinion that no more licenses for dram-shops should be granted with respect to the particular locality involved in the application.

3. MANDAMUS—*when answer to petition for, insufficient.* An answer to a petition for *mandamus* charging arbitrary refusal to issue a dram-shop license, should do more than deny in general terms that the application of the petitioner was refused without reasonable cause; such answer should set up facts from which the legal sufficiency of the denial can be determined.

Mandamus. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

C. E. SCHROLL, for appellant.

W. NAY BOGGESS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellant, Frank H. Meyer, filed a petition in the Circuit Court for a peremptory writ of *mandamus* to compel the appellee, the city of Decatur, to grant him a license to sell intoxicating liquors at retail. To the petition appellee filed an answer to which a demurrer was overruled. Appellant elected to abide by his demurrer to said answer, whereupon the court entered judgment dismissing the petition and awarding the costs against appellant.

The appeal involves the question as to the legal sufficiency of the answer to the petition. The ordinance of the city of Decatur under which application was made by appellant for such license, in substance, provides that such a license cannot be granted for a term less than three months or exceeding one year; that all licenses granted shall begin and expire on either the 9th day of August, November, February or May; that the city council reserved the exclusive right to be the sole judge to whom license should issue and to limit the number of licenses to be issued; that before a license should issue to any person, the applicant should give a bond in accordance with section 5 of the Dram-shop Act; that no license should be granted for

the location of any dram-shop in that part of any block on which any religious, educational, reformatory or eleemosynary institute might then or should thereafter exist or within the limits of certain territory within said city, the boundaries of which are specified in said ordinances.

The petition after alleging that the relator is a resident of the city of· Decatur, a municipal corporation duly organized under the general law, sets out in full all the ordinances of said city relating to dram-shops. It then alleges that the place where the petitioner sought to sell intoxicating liquors was not within the district or localities prohibited by the ordinance; that state and city bonds were filed by him on April 16, 1906, which were duly approved by the city clerk who accepted and still retained the sum of $125 as petitioner's license fee for the three months from May 9th to August 9, 1906; that an application by the petitioner for a license to sell intoxicating liquors in the city of Decatur and of which due notice was given by publication, was presented to the city council on April 16, 1906, and by it refused; that at various meetings of said city council held between April 16 and May 7, 1906, three persons were granted licenses for dramshops upon the same side of the street and in the same block where petitioner so applied for a license, and that there were three saloons in said block upon said street operating under licenses granted by said city council at or about the time the application of the petitioner was refused.

It is further alleged that the petitioner was qualified and competent to conduct a dram-shop under the ordinances of the city; that no reason was assigned by said city council for refusing petitioner's application for a liquor license.

The answer denies that the license was refused without any good reason or sufficient cause or that the refusal was prompted by caprice or favoritism and alleges that the premises wherein petitioner desired to

conduct said dram-shop were located and faced on Merchant street in said city; that said street was extremely short and narrow, being in length about 240 feet, and was one of the principal business streets of the city; that for several years prior to and at the time of the application of the petitioner for a license there were three dram-shops located on one side of the street and that the building in which petitioner asked license to conduct a dram-shop was located on the same side of the street as those occupied by the other three dram-shops; that the refusal of the defendant to grant a license to the petitioner to conduct the dram-shop in his said application mentioned was because in its opinion property along said street would be injured thereby and that the granting of a license for an additional saloon on said street would be highly detrimental to the business interests of the merchants engaged in business on said street.

It is first urged that the provision of the ordinance reserving to the city council the right to be the sole judge as to whom license should issue and to limit the number of licenses to be issued, lodged in the city council an arbitrary and unlimited discretion and that the same is therefore void.

In Meyer v. City of Decatur, 125 Ill. App. 556, which was a similar proceeding to that at bar, between the same parties and involving substantially the same questions, we held that the city of Decatur had power to enact an ordinance limiting the number of dram-shops to be licensed, prescribing certain prohibited districts and determining the terms and conditions upon which such licenses should be granted, but that the power could only be exercised through general ordinances operating uniformly upon all persons of the class to which the ordinance refers and that the city could not by ordinance reserve to itself an arbitrary discretion to license one person and refuse to license another having like qualifications, through mere caprice or favoritism, but that such an ordinance must

prescribe certain fixed rules and regulations whereby its impartial enforcement can be secured. These views, to which we adhere, are amply supported by the authorities cited in our former opinion. We further held that the provisions of the ordinance reserving to the city council the exclusive right to be the sole judge to whom license should issue was the reservation of an arbitrary discretion subject to be exercised through considerations of caprice and favoritism and were therefore discriminating and illegal; and that the further provision reserving the right to limit the number of licenses to be issued was merely declaratory of a right vested in the city council by the legislature but that such a right could only be exercised through an ordinance fixing the number of licenses to be issued or providing some uniform method by which the number should be determined. Since such former opinion was filed it has been held in Harrison v. People, 222 Ill. 150, that notwithstanding an ordinance may provide that upon compliance by the applicant with the terms and conditions therein specified, the licensing officer or body shall grant the license, and an applicant has in all respects complied with such terms and conditions, such officer or body may, in the exercise of a reasonable discretion, refuse to grant the license and that the issuance thereof will not be coerced in cases where such discretion has been fairly and reasonably exercised. We therefore conclude that neither of the provisions in question reserve greater powers than the council would have otherwise possessed. The power conferred by use of the words "the exclusive right to be the sole judge to whom license shall issue" may be properly held to be subject to the qualification that the same is to be fairly and reasonably exercised. For this reason we are not prepared to hold that the ordinance is invalid for the reason urged.

The ordinances considered in Cicero Lumber Co. v. Cicero, 176 Ill. 27, Noel v. People, 187 Ill. 591, and Monmouth v. Popel, 183 Ill. 634, did not pertain to

the regulation of the liquor traffic and hence are inapplicable.

It is also contended that even if a reasonable discretion in the matter existed in the city council, its action in rejecting appellant's petition was arbitrary, unreasonable and discriminatory. Such position seems to be well founded. Where an ordinance authorizes the issuing of a license to keep a dram-shop upon certain terms and conditions, the licensing authorities cannot arbitrarily refuse to grant the license nor discriminate between persons, places and regulations pertaining to the business without reasonable grounds therefor. Harrison v. People, *supra;* Meyer v. People, *supra.* While the city council of the city of Decatur had power, in the exercise of the reasonable discretion with which it was vested, to limit the number of licenses which should be granted on the street, and within the block in question, such limitation should have been definitely established by prescribing by legal enactment the number of such licenses to be issued, and for the guidance of applicants providing a method by which, in the event that applications were presented in excess of the number, it would be determined which of them should be granted. As has been said, a licensing officer or body has no right to arbitrarily select among several the person or persons to be thus favored, and through favor, caprice or prejudice discriminate between citizens equally qualified and entitled to the privileges sought. "Unlimited power to be exercised according to the will and caprice of officials is inconsistent with our system of government." Moore v. Mayor, etc., 232 Ill. 307.

It is alleged in the petition and admitted by the answer that applications for licenses upon the street and in the block in question were presented to the city council at or about the same time by four different persons each of whom, so far as the pleadings disclose, had complied with the requirements of the statute and ordinance; that three of such applications

were granted and that of appellant refused. It was not sufficient to deny in general terms that the application of appellant was refused without reasonable cause. Facts should have been alleged in the answer from which such conclusion could be legally and properly drawn. While those averred might constitute reasonable grounds for limiting by proper enactment the number of licenses to be granted in the particular street and block they do not justify the apparent arbitrary discrimination between the several applicants. For aught that appears in the answer the discrimination against appellant was purely arbitrary. In the exercise of its power of judicial revision of the discretionary powers of appellee the Circuit Court should have sustained the demurrer to the answer.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*