**STATE OF FLORIDA, ex rel., DAVID J. HOFFMAN, v. JAMES T. VOCELLE, as Director of the State Beverage Department of the State of Florida.**

31 So. (2nd) 52

June 10, 1947

June Term, 1947

En Banc

*Thomas H. Anderson* and *Herbert L. Nadeau,* for relator.

*J. Tom Watson,* Attorney General, and *D. Fred McMullen,* Assistant Attorney General, for respondent.

CHAPMAN, J.:

This is a case of original jurisdiction in prohibition. It has been made to appear by suggestion in prohibition that the relator now operates a business in Dade County, Florida, but outside the incorporated limits of any city or town, where intoxicating liquors are sold and consumed on the premises under a liquor license duly issued, pursuant to law, though the respondent as Director of the State Beverage Department of the State of Florida. The record discloses that the relator has invested large sums of money, not only in the establishment of the business, but to promote and expand its good will and in obtaining a large and lucrative trade.

The Beverage Director, on January 7, 1947, in writing charged the relator with the unlawful operation of the licensed premises under license No. 701. He was charged (1) with the maintenance of a nuisance contrary to law; and (2) that he sold, served and permitted to be sold intoxicating

liquors on Sunday contrary to law. The notice of Revocation is viz:

"YOU, DAVID J. HOFFMAN, trading as 'Tepee Club," located at 5722 SW 8th Street, Miami, Dade County, Florida, are hereby notified that good and sufficient cause has been shown which I think warrants the revocation of State and County Beverage License No. 701 (COP) heretofore issued to you by Dade County under the laws of Florida, said cause being as follows:

"1. That you maintain a nuisance at and upon the above described premises licensed by you.

"2. That you did violate the provisions of Section 562.14, Florida Statutes, 1941, as amended by Chapter 21943, Laws of Florida, 1943, and Chapter 22605, Laws of Florida, 1945, commonly known as the "Curfew Law,' in that you did, during hours prohibited by law,

"(a)  Sell,

"(b)  Serve,

"(c)  permit to be served, and

"(d)  permit to be consumed in, at and upon the premises licensed by you, intoxicating beverages, to-wit, whiskey on Sunday, December 29, 1946, at or about 9:30 o'clock P. M.

"If you desire a hearing to enable you to refute the foregoing charges, please so advise me in writing within ten (10) days, and I will set a date and designate a place and hour therefor.

"If cause to revoke your license is shown at such hearing, I will revoke it, such revocation to become effective ten (10) days from date of service thereof."

The relator, in response to the aforesaid charges, advised the respondent that a hearing thereon was desired, when the Beverage Director, by appropriate order, fixed the time, place and hour of hearing at 3:30 o'clock P. M., March 10, 1947, at 805 Congress Building, Miami, Florida. The relator in this prohibition proceeding contends that the beverage Director is without legal authority to conduct the aforesaid hearing or by appropriate order to revoke liquor license No. 701, because the sections of the statutes relied upon for revocation or cancellation are severally invalid and unconstitutional as being in

contravention with and in violation of (a) Section 1 of Article V; (b) Section 1 of Article III of the Florida Constitution; and (c) the 14th Amendment to the Federal Constitution. These points are raised by demurrer filed by the Beverage Director and directed to the suggestion in prohibition.

Section 561.29, Fla. Stats. 1941, as amended by Section 7 of Chapter 22663, Acts of 1945, Laws of Florida, provides the procedure for the revocation of liquor licenses. The Beverage Director, by the provisions of the Section, is granted the power and authority upon sufficient cause appearing of the violation by any licensee . . . of any of the laws of Florida or of the United States, or of the licensee maintaining a nuisance or unsanitary premises, or engaging in or permitting disorderly conduct on the premises where such beverage business is conducted, to revoke the license of any licensee. The Director, or any designated assistant, shall have the power and authority to examine the books and records of the licensee . . . to issue subpoenas for licensee or other witnesses . . . and to take depositions of witnesses within and without the State of Florida. The provisions of the civil law of Florida relative to the obedience to a subpoena issued by a Judge under the laws of Florida requiring the attendance of a witness before the Judge in civil cases shall apply to the Beverage Director or any assistant by him designated . . . and writ of attachment may be issued to compel the attendance of any witness before the Director, and punishment for wilfull non attendance of the witness may be administered by the Director similar to the powers to punish for contempt conferred on the Circuit Courts.

It is the duty of the Director prior to the revocation of a license to give the licensee a written statement of such cause of revocation of license and a fair hearing of such hearing is demanded. The licensee shall be heard in person or by counsel and shall be entitled to produce witnesses and introduce books, records and other evidence. If the hearing is conducted by an assistant, a transcript of the proceedings shall be reviewed by the Beverage Director, who is required to enter his decision therein subject to the provisions of Section 561.30, Fla. Stats. 1941. A period of ten days is allowed for the licensee to apply

to the courts for relief where the permit has by the Beverage Director been revoked.

Section 561.30, Fla. Stats. 1941, provides:

"If within the ten-day period a licensee whose license has been revoked shall apply to the circuit court or any judge thereof, of the county wherein such licensee is licensed to do business under the beverage law by mandamus or injunctive proceeding or otherwise to test the validity of such revocation, such court or the judge thereof shall act immediately in the disposition of such proceeding and to make such orders as to return days, time of filing proceedings and time for hearing on law or facts as may be necessary to a prompt determination of the validity of such revocation. If such proceeding be begun after such ten day period has lapsed it shall be heard according to the general law as it shall exist at the time of such proceeding."

See Sections 561.02, 561.05, 561.08 and 561.31, Fla. Stats. (FSA) 1941.

It is established law that a sovereign state, when functioning under its police power, may enact such measures as are reasonably calculated to be essential or necessary in behalf of the general welfare for the control and regulation not only of the sale but the possession of intoxicating liquors. The form or method of regulation and control is one of public policy for the decision of each state, and frequently the prevailing view is reflected by appropriate legislative enactments. Many of the sovereign states, pursuant to legislative enactments, regulate and control the right and privilege of the sale of intoxicants by licenses issued in the name of the sovereign state to licensees possessing described qualifications as enumerated in the licensing act. The state under the police power may by statutory enactment prescribe rules, regulations, terms and conditions under which intoxicating liquors may be sold to the public. If an application is made to the State for such a license, then these statutory rules, regulations, terms and conditions become binding obligations between the State and the licensee upon the acceptance of a license and under which the licensee engages in the sale of whiskey. Mahoney v. Joseph Triner Corp., 304 U. S. 58 S.

Ct. 952, 82 L. Ed. 1424; Premier-Pabst Sales Co. v. Grosscup, 298 U. S. 226, 56 S. Ct. 754, 80 L. Ed. 1155; Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205; State ex rel. First Presbyterian Church v. Fuller, 133 Fla. 554, 182 So. 888; 48 C. J. S. 154; 30 Am. Jur. 263-4, par. 21 and 22; 15 R. C. L. 255-6, par. 10.

Section 561.15, Fla. Stats. 1941 (FSA), provides that licenses to sell intoxicating liquors shall be issued only to persons of good moral character who have not been convicted of any offense involving moral turpitude and not less than twenty-one years of age. If a corporation, then the officers and directors shall possess the above qualifications. Section 561.16, Fla. Stats. 1941 (FSA), provides that a license shall not issue to persons under sentence or parole and to no person now a fugitive charged with the violation of Florida prohibition laws or those of the United States. If to a corporation, then not to any officers or directors under sentence or on parole or who are fugitives charged with the violation of the Florida or United States prohibition laws. Section 5 of Chapter 22663, Acts of 1945, Laws of Florida, amending Section 561.17, Fla. Stats. 1941 (FSA), and Section 6 of Chapter 22663, supra, amending Section 561.25, F. S. A., enumerate certain qualifications essential prior to the issuance thereto of a liquor license. Liquor cannot be sold within certain distances from churches or schools outside of municipalities, nor to persons under 21 years of age. The Beverage Act prescribes additional prerequisites unnecessary to enumerate.

Section 7 of Chapter 22663, Acts of 1945, amending Section 561.29, Fla. Stats. 1941 (FSA), grants to the Florida Beverage Director the power and authority to revoke a liquor license when the evidence adduced affirmatively establishes: (1) that the licensee has violated the criminal laws of Florida or of the United States (2) that the licensee maintains a nuisance or unsanitary premises; (3) that the licensee engaged in or permitted disorderly conduct about the licensed premises. Chapter 22605, Acts of 1945, makes it unlawful to sell and serve on the premises whiskey on Sunday. The State Beverage Director notified the relator to show cause before him on March 10, 1947, at 805 Congress Building in Miami,

why his license should not be revoked for the alleged violations recited in the notice.

The relator, pursuant to the Beverage Act, applied to the State Beverage Department for a license to sell intoxicating liquors. The Beverage Department, being satisfied with the relator's qualifications prescribed by the Act, granted the license subject to the rules, regulations, terms and conditions enunciated in the Beverage Act and the relator accepted the license and by the acceptance thereof became legally bound to abide by and conform with the several provisions thereof. The record reflects that evidence of the violation of enunciated provisions of the Act had been lodged with the Beverage Director, and specifications of the violations and the time and place of a hearing provided by the Act was served on the relator. Relator contends that such a hearing would invade his constitutional rights.

The contention is made that the hearing will not be had before a Commission provided for by Section 1 of the Constitution, but by a one man Commission clothed with arbitrary powers, to-wit, the Beverage Director. The answer to the contention is Section 561.08, Fla. Stats. 1941 (FSA), which provides that the Governor of Florida, the Beverage Director, and the Beverage Supervisors shall enforce the provisions of the Act and perform such other act as may be necessary to carry out its several provisions.

It is contended further that the Act confers arbitrary power and authority on the Beverage Director. The answer to this contention is that the Legislature was not considering ordinary trades, businesses, occupations or professions in the enactment of the present Beverage Act. It is generally recognized that the act of engaging in the sale of intoxicating liquors may be forbidden or prohibited. The sale thereof is a privilege to be granted pursuant to law under restricted terms or conditions because of the injurious effect of its use on the health and general welfare. Provisions of similar Acts authorizing a revocation or suspension of a license in many jurisdictions have been sustained when the procedure for revocation was not clearly provided for by statute. See:

48 C. J. S. 277-309; 17 R. C. L. 473-484; State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294; State v. Gray, 61 Conn. 39, 22 Atl. 675; Meyer v. Decatur, 143 Ill. App. 103; 30 Am. Juris, 329-332; Cooley on Taxation, Vol. 4 (4th Ed.) 3557-8; State ex rel. First Presbyterian Church v. Fuller, *supra;* Johnson v. State ex rel. Maxcy, 99 Fla. 1311, 128 So. 853; Manchester Press Club v. State Liquor Commission, 89 N. H. 442, 200 Atl. 407, 116 A. L. R. 1093, Annotations pp. 1098-1100; Texas Liquor Control Board v. Jones (Tex. Civ. App.), 112 S. W. 227.

The further contention is made that the proposed hearing and proceeding before the Beverage Director under Section 1 of Article 5 of the Florida Constitution would be a judicial act rather than an administrative inquiry authorized by statute. It is not disputed that the relator under the provisions of Section 561.30, Fla. Stats. 1941 (FSA), is granted the right and privilege of review before the Circuit Court of the .county where the licensee was selling whiskey of the proceedings had before the Director. If the proceedings before the Director disclosed a departure from the essential requirements of the law, then the error, if any, may be corrected by a proceeding in the Circuit Court. This contention is answered by our holding in South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675.

The case of Prettyman, Inc. v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442, involved the statutory power and authority of the Florida Real Estate Commission to make and enter an order revoking or suspending a license previously issued by it to a real estate salesman. Section 9 of Chapter 11336, Acts of 1925, Laws of Florida, provides, that any broker or salesman to whom a registration certificate has been issued and a license granted shall be subject to have both revoked or suspended but not until *after due hearing* before a County Judge or upon conviction for a violation of the Act. The Act enumerates the several grounds which authorized a revocation or suspension of the broker's license. Several contentions were made, as in the case at bar, that the cancellation of the broker's license violated designated constitutional rights.

The revocation order was sustained and we, in part, said, (text 92 Fla. 524-5) :

"The issuance of an occupational license does not create any contract right. Bishoff v. State, ex rel. Tampa Water Work Co., 43 Fla. 67, 30 South. Rep. 808.

" 'A license is merely a permit or privilege to do what otherwise would be unlawful, and it is not a contract between the authority, federal, state, or municipal, granting it and the person to whom it is granted; neither is it property or a property right, nor does it create a vested right.' 37 C. J. 168; 37 C. J. 246.

"The revocation of an occupational license is not essentially a judicial function. Such function may be exercised by administrative or executive officers. See Brecheen v. Riley, 187 Cal. 121, 200 Pac. Rep. 1042, 12 C. J. 1241; 37 C. J. 247; Klafter v. State Board of Examiners, 259 Ill. 15, 102 N. E. Rep. 193, 46 L. R. A. (N.S.) 532, Ann. Cas. 1914 B 1221; Towns & Watkins v. City of Tallahassee, 11 Fla. 130, 11 C. J. 122; State ex rel. Lichta, 130 Mo. App. 284, 109 S. W. Rep. 825. The dicta in State ex rel. Arpen v. Brown, 19 Fla. 563, is not controlling here.

" 'Our State Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid.

" 'While constitutional jurisdiction cannot be restricted or taken away, it can be enlarged by the Legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court or where such enlargement is not forbidden by the Constitution. State ex rel. Florida Publishing Co. v. Hocker, 35 Fla. 19, 16 South Rep. 614; Harris v. Vanderveer, 21 N. J. Eq. 424.' Chapman v. Reddick, 41 Fla. 120, text 133, 25 South. Rep. 673.."

The State Board of Funeral Directors and Embalmers v. Cookery, 148 Fla. 271, 4 So. (2nd) 253, involved the power and authority of the Board under Chapter 17950, Acts of 1937, Laws of Florida, to revoke a license previously issued by it to Cooksey as a funeral director and embalmer. The Board under the Act had the power, after full, open and free hearings on

charges preferred in writing, to determine as a fact finding body whether or not a license had been violated—and after hearing all the evidence of the parties, if the Board found as a matter of fact that the licensee had been guilty, then it was authorized to suspend or revoke the certificate by an appropriate order.

In sustaining the Board's order of revocation we, in part, said (text 148 Fla. 273-4):

"The statute amply provides due process by establishing standards of conduct in the legislative Act, by providing for an open, free and fair hearing after timely notice and also providing for speedy and adequate judicial determination of the licensee's rights under the charges made and the record of the evidence produced. If the licensee feels aggrieved by the action of the Board, he may have the record made at the hearing transmitted to the Circuit Court and upon the record so presented the Court will determine the sufficiency of the charge, the sufficiency and legality of the proof, and enter its order either sustaining, modifying or reversing the order of the Board, and all *without any presumption being indulged to support the action* taken by the Board. The matter becomes in the Circuit Court a judicial proceeding for the determination of the rights of the licensee and not for the adjudication of error. If the charge is found sufficient and to be supported by a preponderance of legal proof, the Court enters its judgment accordingly. . . . "

It is contended that the following provisions of Section 561.29 (FSA), as amended, violates relator's constitutional rights: (1) the director or any assistant designated by him shall have the power and authority to examine into the business, books, records and accounts of any licensee; (2) to issue subpoenas to the licensee or any other person from whom information is desired; (3) to take the testimony of witnesses within or without the State by deposition; (4) the Director or any assistant designated by him may administer oaths and issue subpoenas; (5) the power to enforce the attendance of witnesses before the Commission by attachment and punishment for contempt; (6) the power to issue

subpoenas ducas tecum; (7) the power to pay witness fees and mileage to witnesses subpoenaed before the Commission.

Our answer to these several contentions is that the relator has failed to show that his interests are unreasonably affected by the cited portions of the above statute. A litigant is not heard to urge the unconstitutionality of a statute who is not harmfully affected by the particular features of the statutes alleged to be in conflict with the constitution. Steele v. Freel, 157 Fla. 211, 25 So. (2nd) 501. The objections urged may be adjudicated when properly presented.

The respondent's demurrer is hereby sustained and the cause dismissed.

THOMAS, C. J., TERRELL, BUFORD, ADAMS and BARNS, JJ., concur.