SEBRING, Justice
(dissenting).
The Florida State Board of Engineer Examiners revoked the certificate of registration of Lloyd T. Everett as a land surveyor on the ground that he had been guilty of malpractice, malfeasance,- gross carelessness and gross incompetence-in the preparation of certain land surveys. Everett filed a petition for certiorari in the Circuit Court of Alachua County to review the order of revocation. After a full hearing on the matter, the Circuit Court entered an order dismissing the petition for certiorari; the order containing, among other things, the following findings:
“The Court has carefully considered the amended petition, in which is incorporated a transcript of the testimony taken at the hearing before the Board, together with all maps and other original exhibits presented at said hearing, which have been filed herein by relator-petitioner in support of the amended petition. Argument of counsel for the respective parties has been heard and the written briefs filed in support of their respective positions have been studied. From it all the court finds as follows:
******
“2. Relator-petitioner, Lloyd T. Everett, was fairly apprised of the complaint made against him as a licensed surveyor and was accorded a full and fair, opportunity to be heard, including the right to cross-examine all opposing witnesses. He attended the hearing in person and by counsel, and filed a formal traverse of the charges made against him. The treatment accorded and the procedure exercised, informal though it was, measured up to the standard of due process of law.
“3. The Land Surveyors’ Act,. F.S. 472, F.S.A., and the Professional Engineers’ Act, F.S. 471, F.S.A., must be read and considered in pari materia, and when this is done it is apparent that the State Board of Engineer Examiners, being charged with the responsibility of administering the former, has the authority to administer oaths to witnesses in hearings before it • respecting revocation of licenses of land surveyors. .
* * *, * * *
“Now, Therefore, ■ It Is Considered, ■Ordered and Adjudged that the said *905 amended petition for writ of certio-rari and alternatively for writ of mandamus be and the same is hereby denied, and the said order revoking the land surveyor’s license of Lloyd T. Everett is thus affirmed.”
An Appeal has been taken from this ruling; the appellant assigning as grounds for the reversal of the circuit court order, that the evidence produced before the Board of Engineer Examiners was insufficient to warrant the finding that he had been guilty of gross incompetence as a land surveyor; that the court erred in holding that the action of the Board in revoking the license constituted due process of law; that the court erred in holding that members of the Board had authority to administer oaths to witnesses in hearings before said Board relating to revocation of licenses of land surveyors; and that the court erred in holding that Section 472, Florida Statutes 1951, F.S.A., is constitutional and valid.
I can find no error in the order appealed from. The record shows that the appellant was represented at the hearing before the Board by an attorney who vigorously defended his client. The Board had before it the evidence adduced from two witnesses for the complainant, two witnesses for the appellant, two witnesses styled in the record as “expert witnesses,” and a vast amount of documentary material. There is nothing in the record so far as I can find, to suggest that the appellant was not apprised of and did not fully understand the specific nature of the charge against him, that he did not have a full and fair opportunity to be heard, or that he was precluded from cross examining adverse witnesses. The evidence adduced before the Board was ample, in my opinion to sustain the findings made and I know of no legally valid reason that would authorize this Court to disturb them.
The Circuit Court found in its order that when considered together the Land Surveyors’ Act, Chapter 472, Florida Statutes 1951, F.S.A., and the Professional Engineers’ Act, Chapter 471, Florida Statutes 1951, F.SA., authorize the State Board of Engineer Examiners to administer oaths to witnesses to testify before it in matters respecting revocation of licenses of land surveyors.
While Chapter 472, Florida Statutes 1951, F.S.A. does not appear to contain any specific provision authorizing the Board to administer oaths to witnesses in such cases, it does contain in Section 472.10, Florida Statutes 1951, F.S.A., the provision that “The records of the board shall be open to public inspection and certified copies thereof shall be received in evidence in all the courts of this state as prima facie evidence of what they purport to be and of the facts therein contained.” (Emphasis supplied.) This, together with the powers and duties placed upon the Board in respect to administering Chapter 472 would seem, impliedly at least, to carry forward the provisions of Chapter 471 empowering the Board to administer oaths over into Chapter 472, which pertains to land surveyors.
But even assuming such a conclusion to be debatable, I think that under the facts of this case the appellant is precluded from raising the question. For as appears from the record, at the time set for the hearing the appellant was present with his counsel and his witnesses. He cross .examined the complainant’s witnesses, who theretofore had taken the oath administered by the Board, without raising any objection as to their competency. At the proper time in the proceeding he had his own witnesses sworn by the Board and then elicited evidence from them in an effort to disprove the case made by the complainant’s witnesses. So far as the record discloses, the hearing before the Board was conducted in all solemnity and there is not the slightest indication or suggestion that the witnesses did not testify truthfully or that, if sworn again by an officer as to whose lawful competency to administer oaths there could be no question, the witnesses would give any different version of the transaction. It was only after the hearing had finally adjourned, the Board had made its ruling, and the appellant had sought review, in the Circuit Court, that *906 he attempted to raise for the first timé the legality of the oath that was given. Under these circumstances I cannot see how the question now sought to be argued can be raised by the appellant.
The final contention made by the appellant is that Chapter 472 is unconstitutional and void because it arbitrarily excludes from the operation of its provisions all land surveyors coming from without the State of Florida and land surveyors working for the Federal Government; and allows corporations to engage in land surveying in the State so long as any officer or employee is a land surveyor.
I do not think that the appellant is in position to raise this contention. A litigant will not be heard to urge the unconstitutionality of a statute where he has not been harmfully affected by the 'particular features of the statute alleged to be in conflict with the Constitution. See State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So. 2d 52; State ex rel. Watson v. Gray, Fla., 48 So.2d 84. The appellant has shown no harmful results to him because of th¿ existence of the particular features of the statute he attempts to assail. He was registered under the law as a surveyor prior to the revocation of his certificate, and enjoyed all the rights, powers and privileges appertaining thereto. Doubtless he would have continued in the exercise of these rights, powers and privileges had it not been for the intervention of the suspension proceedings conducted under authority of Section 472.10, Florida Statutes 1951, F.S.A. Therefore, if appellant had any right in this action to complain of any supposed unconstitutionality of the statute, his attack should have been levelled at Section 472.10, which pertains to the power of the Board to revoke his certificate; for it is only by the application of this section to his situation that he can be said to have suffered injury.
The burden was upon the appellant to show that the Circuit Court erred when it entered the order appealed from. I am firm in my conviction that he has failed to make this showing. Hence, I must dissent from the majority opinion.