BARKDULL, Judge.
The petitioners were charged in the county court with a violation of Ordinance 3-12 of the City of Miami, commonly known as the “B-Girl” ordinance.[1] The matters were consolidated before the trial court for trial and each of the defendants filed or joined in a motion to dismiss, which motion was grounded upon the proposition that Ordinance 3-12 was unconstitutional on its face and unconstitutional in its application as applied to similar employees. The motion to dismiss was denied by the trial court.
The evidence before the trial judge indicated that the three individuals were fraternizing or mingling with patrons of an alcoholic beverage establishment. The trial judge found them guilty of a violation of the ordinance and sentenced them accordingly.[2] They appealed to the circuit court, which appeal resulted in a decision affirming the convictions in the following language:
“Affirmed. See City of Miami v. Kayfetz, 92 So.2d 798 (Fla.1957); City of Miami v. Jiminez, 130 So.2d 109 (Fla. 3d DCA 1961).”
Certiorari was filed in this court to review the action of the circuit court, sitting in its appellate capacity. Upon such a petition, it is incumbent on this court to examine the record presented to it to determine if the circuit court exceeded its jurisdiction or departed from the established principles of law. State v. Smith, 118 So.2d 792 (Fla. 1st DCA 1960); Dresner v. City of Tallahassee, 164 So.2d 208 (Fla.1964); Blacharski v. Watts, 268 So.2d 465 (Fla. 4th DCA 1972); City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980). In State v. Smith, supra, we find the following:
“4 — 7] Certiorari is a common-law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of an appeal, but to cause the entire record of the inferior court to be brought up in order that it may be determined from the face thereof whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of law. Confined to its legitimate scope, the writ may issue within the court’s discretion to correct the ■ procedure of courts wherein they have not observed those requirements of the law which are deemed to be essential to the administration of justice. It is important, however, that the court should not broaden or extend the scope of the writ. A judgment void for lack of jurisdiction, or a proceeding characterized by a complete failure to observe essential requirements of law is subject to correction at the discretion of the court vested with the power to issue the writ. Failure to observe the essential requirements of law means failure to accord due process of law within the contemplation of the Constitution, or the commission of an error so fundamental in character as to fatally infect the judgment and render it void. Certiorari is confined to a limited review of the proceedings of an inferior jurisdiction. It is an original action in the sense that the subject matter of the suit or proceedings which it brings before the court are not there reinvestigated, tried and determined upon the merits generally as upon an appeal.” [footnotes omitted]
Examining the record in light of these principles, we find the ordinance in *301 question to be constitutionally valid on its face, and we deny the relief sought. The substance of the ordinance was before the Supreme Court in City of Miami v. Kayfetz, 92 So.2d 798 (Fla.1957), and even though the court declined to rule on the facial invalidity we believe that the ordinance in question adequately apprises an employee of an alcoholic beverage establishment[3] of the proscribed conduct, i.e., the employee is not to mingle or fraternize with patrons. This does not mean that an employee of such an establishment cannot respond to an order placed by a patron for food or beverage; however, it is clear on its face that it proscribes an employee or an entertainer from engaging in conduct with a patron which is social in nature.
Therefore, for the reasons above stated, the relief sought by the petition for certio-rari be and the same is hereby denied.

. The City of Miami Code, Section 3-12 states:
“Employees Not To Mingle With Customers. It shall be unlawful for employees or entertainers in places dispensing alcoholic beverages for consumption on the premises to mingle or fraternize with customers or patrons of such establishment (Code 1947, Section 411; Ord. No. 8426, Section 6).”

. No evidence was adduced to show how the ordinance was enforced in order to support the charge that the ordinance, as applied, was unconstitutional.

. The business of distribution of liquor is one which is particularly burdened with public concern, which may be limited and regulated by the State as a privilege. Inman v. City of Miami, 197 So.2d 50 (Fla. 3d DCA 1967). In enacting such regulation, the State is not considering ordinary trades, businesses, occupations or professions. State v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947).