413 So.2d 23 (1982)
Brett Wesley GREENWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 58923.
Supreme Court of Florida.
April 8, 1982.
Shon A. Saxon, Asst. Public Defender, Eighth Judicial Circuit, Starke, for appellant.
Jim Smith, Atty. Gen. and Charles A. Stampelos, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
By direct appeal appellant challenges the constitutionality of section 944.47, Florida *24 Statutes (Supp. 1978). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
Counsel for appellant has adopted the arguments and briefs presented in Wells v. State, 402 So.2d 402 (Fla. 1981), and, in fact, submits that Wells is determinative of the issues in the instant case. In light of the decisions in both Wells and Clark v. State, 395 So.2d 525 (Fla. 1981), we agree and again uphold the constitutionality of section 944.47 and the appellant's conviction thereunder.
Appellant may challenge only those portions of section 944.47 with which he is charged since he is unaffected by other provisions. State v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947). Thus, appellant's only remaining constitutional challenge is that section 944.47 is vague as applied to his conduct.
Appellant, an employee of the Florida State Prison, attempted to smuggle two marijuana cigarettes into the prison. He was convicted, pursuant to section 944.47, Florida Statutes (Supp. 1978), of introducing contraband into the prison and received a sentence of six months incarceration and three years probation. Wells and Clark arise out of similar facts and are dispositive of this case.
"To perceive that smuggling drugs into a prison is prohibited activity requires only a minimum of common understanding. As applied to Wells' conduct, section 944.47 gave fair notice that her particular behavior was illegal." Wells v. State, 402 So.2d at 406. "When appellant brought marijuana into the prison, his conduct was clearly illegal and proscribed in understandable terms." Clark v. State, 395 So.2d at 527.
Appellant engaged in essentially the same illegal acts as those held clear and understandable in both Wells and Clark. Section 944.47 is not unconstitutionally vague as applied to Greenway and so we affirm his conviction.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.