PER CURIAM.
Defendant Lacalle filed a motion to set aside a guilty plea, judgment, and sentence entered in county court in 1975. Lacalle alleged that she suffered from mental illness to the extent she “did not know right from wrong” when she committed the offense charged and when she pled guilty. The trial court conducted a hearing and denied her motion. Lacalle filed an appeal in the circuit court. Acting in its appellate capacity, the circuit court affirmed. La-calle then filed an “appeal” in this court.
The proper method for seeking review of a circuit court appellate decision is by petition for writ of certiorari. Fla.R. App.P. 9.030(b)(2)(B). We therefore treat this appeal as an application for a writ of certiorari, Fla.R.App.P. 9.040(c); State v. Mitchell, 445 So.2d 405 (Fla. 5th DCA *815 1984), and upon consideration, deny the relief sought.
Our decision is based upon a holding that no departure from the essential requirements of law appears in the record. Combs v. State, 436 So.2d 93 (Fla.1983); Miller v. State, 411 So.2d 299 (Fla. 3d DCA), review denied, 419 So.2d 1199 (Fla.1982). To merit relief by certiorari, a litigant must demonstrate departure from a “clearly established principle of law resulting in a miscarriage of justice.” Combs, 436 So.2d at 96. The record discloses that appellant’s mental condition was a matter of record when the trial court accepted her plea. In fact, the court included as a special condition of probation that appellant continue her medical care and submit monthly reports of her progress. We therefore conclude that the circuit court properly exercised its appellate function in affirming the lower court’s denial of the motion.
Certiorari denied.