536 So.2d 388 (1989)
The STATE of Florida, Appellant,
v.
Wallace A. THOMPSON, Appellee.
No. 87-1229.
District Court of Appeal of Florida, Third District.
January 10, 1989.
*389 Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Police officers of the City of Miami responded to a call in the northwest area of the city where narcotics were allegedly being sold. No description of the appearance of the suspects was given. At the scene officers observed Thompson drinking a can of beer. Thompson was arrested for violating Section 37-17(11) of the Miami Code.[1] A search incident to Thompson's arrest was conducted revealing plastic bags containing cocaine and a pipe. Thompson was then charged with possession of cocaine in violation of the applicable statute. Thereafter, Thompson filed a motion to suppress evidence alleging unreasonable search and seizure. This appeal followed.
The trial court granted the motion to suppress based upon its erroneous conclusion that the ordinance is facially unconstitutional and violative of section 856.011, Florida Statutes (1985). Section 856.011 governs the condition of disorderly intoxication. Section 396.161 also addresses the condition of public intoxication. The ordinance, in contrast, proscribes the act of consuming alcoholic beverages in public. See State v. Joyce, 529 So.2d 791 (Fla. 3d DCA 1988) (conviction for violation of section 856.011, unlike city ordinance, requires that accused create public disturbance in addition to consuming alcoholic beverages in public place). The ordinance is narrowly drawn to forbid alcohol consumption in specific, enumerated areas: public streets, vacant lots, and package stores. The language is plain and describes with particularity the conduct to be avoided. See and compare Watts v. State, 463 So.2d 205 (Fla. 1985) (state loitering statute held constitutional); State v. Kemp, 429 So.2d 822 (Fla.2d DCA 1983) (county loitering ordinance held constitutional); Miller v. State, 411 So.2d 299 (Fla. 3d DCA 1982) (county ordinance which adequately set forth proscribed conduct deemed constitutional). The substance of section 37-17(11) bears a rational relationship to the goal of preventing public disorder and is a reasonable and valid exercise of police power.
We, therefore, reverse the trial court's order of suppression and remand for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The Code in part, reads as follows:

"Any person in the city shall be deemed guilty of disorderly conduct who:
* * * * * *
II) is found consuming alcoholic beverages on the public streets or vacant lots or in places solely licensed to vend alcoholic beverages for consumption off the premises.
City of Miami, Fla., Code § 37-17(II) (1967)."