561 So.2d 305 (1990)
The STATE of Florida, Petitioner,
v.
Donald Matthew FREUND, Respondent.
No. 89-454.
District Court of Appeal of Florida, Third District.
February 13, 1990.
As Corrected May 14, 1990.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for petitioner.
Mel Black, Miami, for respondent.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Donald Matthew Freund was arrested and charged with reckless driving[1] and possession of alcoholic beverages by a person under the age of twenty-one in violation of section 562.111, Florida Statutes (1987). At trial, the county court dismissed the alcohol possession charge on a finding that section 562.111 was unconstitutional. On appeal, the circuit court, sitting in its *306 appellate capacity, affirmed. The State seeks review here by petition for certiorari.
Addressing first a procedural issue, we hold that the circuit court had no subject matter jurisdiction to review a judgment of the county court declaring a state statute unconstitutional. § 26.012(1), Fla. Stat. (1987) (circuit courts shall have jurisdiction of appeals from county courts except appeals of orders or judgments declaring invalid a state statute). The circuit court proceeding is, therefore, nullified[2] and the appeal there is treated as a timely appeal to this court.[3]
In an arrest affidavit, a police officer averred that he chased and arrested Freund for attempting to force another vehicle off the road. After Freund was apprehended, the officer looked into his automobile and saw several opened and empty beer bottles with beer spilled on the front seat and floorboard. Freund, a person under the age of twenty-one, was charged with the illegal possession of alcoholic beverages in violation of section 562.111, Florida Statutes (1987), which provides:
Possession of alcoholic beverages by persons under age 21 prohibited.  It is unlawful for any person under the age of 21 years, except a person employed under the provisions of s. 562.13 acting in the scope of his employment, to have in his possession alcoholic beverages, except that nothing herein contained shall preclude the employment of any person 18 years of age or older in the sale, preparation, or service of alcoholic beverages in licensed premises in any establishment licensed by the Division of Alcoholic Beverages and Tobacco or the Division of Hotels and Restaurants... .
Freund argued in the county court that the statute, as written, would also make it unlawful for a child to carry a mother's groceries out to the car if one bottle of beer was in the grocery bag. The trial judge agreed that the statute could be found vague or overbroad under those circumstances. In granting the defendant's ore tenus motion to dismiss the court held, by a written order, that section 562.111 is "so vague in its terms and so unconstitutionally broad that it criminalizes conduct that virtually every person would regard as lawful." We disagree and reverse.
A statute is void for vagueness if it fails "to convey sufficiently definite notice of what conduct is proscribed." State v. Gray, 435 So.2d 816, 819 (Fla. 1983). The conduct clearly proscribed by section 562.111 is possession of alcoholic beverages by a person under the age of twenty-one, except in specified circumstances. The second part of the inquiry is whether the possession of intoxicating beverages may be constitutionally regulated by the state's police powers  a question that has been answered affirmatively in a series of cases. See e.g., State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947) (possession of liquor may be regulated by statute); Republican College Council of Pa. v. Winner, 357 F. Supp. 739 (E.D.Pa. 1973) (statutes prohibiting possession of alcoholic beverages by minors do not violate constitutional privileges).
Freund's overbreadth argument is also without merit. A statute is not overbroad unless it "reaches a substantial amount of constitutionally protected conduct." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). More particularly, the Florida supreme court has held that "the overbreadth doctrine applies only if legislation is susceptible of application to conduct protected by the First Amendment." Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
It is now conceded by the defendant that the statute is not facially void for vagueness and that the overbreadth doctrine *307 is not applicable since no first amendment privilege is implicated. Instead, Freund contends that under other circumstances, as where a child is instructed by his parents to make a delivery of an intoxicating beverage, application of the statute would be unconstitutional. We need not address that question since it is not presented by the facts of this case.
Where a litigant fails to show that his interests are unreasonably affected by a beverage law claimed to be unconstitutional, the constitutional question will not be adjudicated. Vocelle, 159 Fla. 88, 31 So.2d 52. See also Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) (a litigant has standing to have an issue adjudicated only when he has an interest at stake in the controvery that will be affected by the outcome); Gieger v. Sun First Nat'l Bank, 427 So.2d 815 (Fla. 5th DCA 1983) (same); General Dev. Corp. v. Kirk, 251 So.2d 284 (Fla. 2d DCA 1971) (same). Because a ruling on Freund's hypothetical facts would not affect the outcome of this case, he is without standing to question whether the statute would pass constitutional muster in application.
Reversed and remanded.
NOTES
[1] The reckless driving charge is not an issue in this appeal.
[2] District Courts of Appeal have jurisdiction to review by appeal final orders of a trial court that are not directly reviewable by the supreme court or a circuit court. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.030(b)(1)(A).
[3] District courts may consider as notices of appeal, petitions for writs of certiorari. See Pearce v. Parsons, 414 So.2d 296 n. 1 (Fla. 2d DCA 1982); Fla.R.App.P. 9.040(c).