FERGUSON, Judge.
On April 17, 1972, Dade County entered into a Consent Judgment with developers and residents in a South Dade community which approved a restrictive covenant on a certain parcel of land. The circuit court reserved jurisdiction in the 1972 judgment solely for the purpose of enforcement.
Over fifteen years later, the appellants initiated this attack on the Consent Judgment by a petition for leave to intervene. By an order of September 22, 1987, the trial court granted leave to intervene on condition that appellants serve notice of hearings “to all property owners within a 1500-foot radius of the four corners of the [subject] property.”
The petition to intervene alleges that (1) the covenant is racially discriminatory and therefore in contravention of public policy, and (2) the covenant and its terms are unenforceable against the appellant, a successor owner of the land, because the agreement was not recorded with the muni-ments of title in the Public Records.[1]
The challenged paragraph of the Consent Judgment is paragraph 8C which provides:
In no event will the building, construction and development of the northerly 12 plus or minus acres of land of which the described premises are a contiguous part be federally-subsidized rental housing, but the same shall only be built, constructed and developed with private financing or government financing other than federally subsidized rental or interest subsidy housing, and as developed and sold or rented shall not be low-rent subsidized or interest subsidized housing as those terms are generally used by state and federal government agencies and persons engaged in the business of land development and residential construction; provided, however, nothing herein shall be deemed to in any way disturb and the parties agree that the present southerly 13.17 plus or minus acres of the premises herein described have and retain their present status of F.H.A. Mortgage Commitment and Rent Subsidies, but the northerly portion of said premises shall never be so qualified.
It is legally significant that the final clause in the covenant acknowledges that over half the parcel is already set aside for subsidized housing.
This case comes to us, essentially, on the pleadings; there was no formal evidentiary hearing. The appellants contend that the face of paragraph 8C shows an intent to preclude racial minorities and low income families from leasing, renting or buying property on parcel B in violation of 42 U.S.C. sections 1981, 1982 and 1983, the Civil Rights Act, and in violation of Florida law, specifically, chapter 420, the Florida Housing Act of 1972, and sections 760.21-760.50, Florida Statutes (1988).
Dade County’s response, inter alia, is that federal courts, in cases such as this, have frequently granted standing to homeowners to challenge the placement of subsidized housing in their communities on the ground that such housing could create an imbalance in the minority and low-income population, citing Gautreaux v. Pierce, 690 F.2d 616 (7th Cir.1982); Alschuler v. Department of Hous. and Urban Dev., 686 F.2d 472 (7th Cir.1982); South East Chicago Comm’n v. Department of Hous. and Urban Dev., 343 F.Supp. 62 (N.D.Ill.1972). Further, Dade County contends, the appellant’s own petition indicates that there is already one subsidized housing project adjoining the restricted property.[2]
*758 We agree with the appellees that the restrictive covenant, considered in its entirety, is not facially violative of public policy as expressed in the United States Constitution and the laws of Florida. Nevertheless, any person with standing is not precluded by our holding here from attempting to show, in a separate evidentia-ry hearing, that the covenant is discriminatory in intent or impact. See State v. Freund, 561 So.2d 305 (Fla. 3d DCA 1990) (application of a law need not be addressed since the question was not presented by the facts of the case).
We do not reach the second issue as it appears from the judgment that the trial court never decided that question. That issue, too, should be addressed and decided in an original evidentiary proceeding.
Affirmed.

. It is obvious that the petition filed did not satisfy the requirements for intervention, see Bay Park Towers Condo. Ass'n, Inc. v. H.J. Ross & Assocs., 503 So.2d 1333 (Fla. 3d DCA 1987) (one who intervenes in an action must come into the case as it exists and conform to the pleadings as he finds them), however, the order granting leave to intervene is not appealed. For that reason we address the merits insofar as the record permits.

. Indeed property owners appearing at the non-evidentiary hearing in support of the covenant, as the trial court observed, included persons of African origin who reside in the racially integrated community.