130 So.2d 109 (1961)
CITY OF MIAMI, a municipal corporation, Appellant,
v.
Libia JIMINEZ, Appellee.
No. 60-519.
District Court of Appeal of Florida. Third District.
May 15, 1961.
Rehearing Denied June 2, 1961.
*110 Edward J. Fitzpatrick, Acting City Atty., and S.R. Sterbenz, Asst. City Atty., Miami, for appellant.
Garber & Chadroff, Miami, for appellee.
PER CURIAM.
The City of Miami appeals a final declaratory decree which declares unconstitutional and enjoins the enforcement of the following city ordinance, which is section 4-10 of the Code of the City of Miami:
"Sec. 4-10. Female employees not to be served drinks paid for by customers.
"It shall be unlawful for any hostess, waitress, female entertainer or female employee in a place dispensing alcoholic beverages for consumption on the premises to be served any beverage, whether an alcoholic beverage or otherwise, for which a customer or patron in such establishment pays. (Ord. 5160 § 2, 11-17-54.)"
The final decree appealed is in part as follows:
"Ordered, adjudged and decreed that Section 4-10 of the City of Miami Code be, and the same is hereby declared wholly unconstitutional and without force and effect of law, for reason that said ordinance is so loosely or broadly drawn as to bring within its scope matters which are not properly subject to police regulations and prohibitions, and would, by its very language, in its enforcement apply to situations not connected with a question of public health, welfare, or morals, thereby being an improper, unreasonable, and arbitrary exercise of the police power by the defendants herein; and it is further * * *."
The municipal ability to legislate, that is to limit individual rights is directly proportional to the strength of the danger to the public. This court will take judicial notice of the fact that the frequency of immoral acts in connection with the operation of drinking establishments is such that they often constitute a grave threat to the public welfare and municipal life. It follows that the regulation of the contact between female employees and the public in drinking establishments is a proper matter of municipal legislation. It requires very little thought to recognize that this is a difficult field for the exercise of police power. Moreover, those who operate such establishments do so under a license granted *111 as a privilege by the State. If the rights of these licensees and their employees are sometimes necessarily abridged in order to properly regulate these licensees, it is an unfortunate but necessary adjunct to the carrying out of a proper municipal police function. Cf. Rodriguez v. Jones, Fla. 1953, 64 So.2d 278, 279.
The Supreme Court of Florida in City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798, 801, 802, speaking of the test to be applied upon consideration of the constitutionality of a similar ordinance, said that the test was: "* * * whether it has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. And the test must be applied in view of the character or nature of the condition to be remedied and all circumstances relating thereto." We hold that the test has been more than adequately met in the present instance. The ordinance, which in plain and simple terms prohibits females employed in drinking establishments from accepting drinks paid for by the customers, strikes at the heart of the "B-girl" evil which was recognized by the Supreme Court of Florida in the Kayfetz opinion in the following language found on page 803:
"It is through this operation, and the mingling and fraternizing by the female employees and entertainers with the patrons, that the immoral acts discussed by the City Manager and the Mayor find their beginning."
The question is not whether one can imagine a situation where the subject ordinance would be an unnecessary restriction upon the rights of a female employee in a liquor establishment, but the question is whether the restriction is shown to be unrelated to the public danger inherent in the operation of this type of business. See In re Tahiti Bar, Inc., 395 Pa. 355, 150 A.2d 112.
No such showing having been made in this case, the final decree is without support in the law and is reversed upon authority of City of Miami v. Kayfetz, supra.
Reversed.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.