197 So.2d 50 (1967)
Richard A. INMAN, Appellant,
v.
CITY OF MIAMI, a Municipal Corporation, and Richard E. Gerstein, State Attorney for the Eleventh Judicial Circuit, in and for Dade County, Florida, Appellees.
No. 66-551.
District Court of Appeal of Florida. Third District.
April 4, 1967.
*51 Maurice Rosen, No. Miami Beach, Tobias Simon, Miami, for appellant.
Richard E. Gerstein, State's Atty., Jack R. Rice, Jr., City Atty., and S.R. Sterbenz, Asst. City Atty., for appellees.
Before PEARSON, CARROLL and BARKDULL, JJ.
PEARSON, Judge.
This appeal is from a final decree in a declaratory action. The trial court held an ordinance of the City of Miami constitutional as against the attacks of the appellant. Appellant's complaint alleged that he is a homosexual, and that by the ordinance he is denied the right to "visit and enjoy by himself or with his friends who are similarly situated the public places of amusement within the City of Miami." The ordinance prohibits liquor licensees from knowingly employing a homosexual person, or knowingly sell to, serve, or allow a homosexual person to consume alcoholic beverages, or to knowingly allow two or more homosexual persons to congregate or remain in his place of business. Appellant did not attack a particular section or provision of the ordinance but confines himself to a prayer: "* * * that this court take jurisdiction of this matter and find section 4-13 of the Code of the City of Miami to be unconstitutional and that it issue its order enjoining the respondents from enforcing the provisions of said ordinance."
The final decree appealed holds that this section of the code of the City of Miami "has a rational relation to public health, morals, safety and general welfare." We agree.
It may be that the ordinance is inartfully drawn and that enforcement of one or more provisions may prove difficult or even impossible. Nevertheless, the question here presented is whether it is void as *52 a whole. When a court construes the validity of an ordinance, it must construe it to be legal if it is possible to do so. It must also strive to construe it as to give reasonable effect to its provisions. City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798. If reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will must prevail. State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541. (1931).
The business of the distribution of liquor is one which is particularly burdened with a public concern and which may be limited and regulated by the State as a privilege. It follows that the legislative authority may limit its distribution to conditions under which liquor will be distributed with the least possible harm to the public. City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798; City of Miami v. Jiminez, Fla.App. 1961, 130 So.2d 109. The object of the ordinance as a whole is to prevent the congregation at liquor establishments of persons likely to prey upon the public by attempting to recruit other persons for acts which have been declared illegal by the Legislature of the State of Florida. See Sections 800.01, 800.02 Fla. Stat., F.S.A.
It therefore follows that appellant's generalized attack upon the ordinance as a whole was properly denied.
The City by cross assignment contends that the court should have granted its motion to strike the complaint under Rule 1.14 Florida Rules of Civil Procedure, 1965 Revision, 30 F.S.A., because there was unrefuted evidence showing that appellant was not a homosexual at the time the proceeding was instituted. In view of our conclusion upon the appeal, it is unnecessary to consider the exercise of the trial court's discretion in this particular.
The decree is affirmed.