PER CURIAM.
This is an appeal from a judgment of the circuit court holding invalid Ordinance No. 7486 of the City of Miami enacted October 25, 1966, which excludes, from city owned parks and stadia during sporting events, persons who have been convicted of certain offenses, or who previously have been ejected from such parks or stadia, or from pari-mutuel race tracks or jai alai frontons in this or any other state because of bookmaking or bribery in connection with sporting events. The ordinance provides that a person so required to be excluded thereunder, who refuses to leave the premises when ordered, will be in violation thereof and subject to a fine not exceeding $500 or imprisonment for not more than 60 days.[1]
*497 The appellee Frank Rosenthal filed an action in the circuit court against the city for declaratory judgment, contending the ordinance was invalid, and seeking to enjoin its enforcement against him. The trial court entered judgment granting the relief sought, and the city filed this appeal.
The record discloses that Rosenthal previously was convicted in the State of North Carolina of attempting to change the outcome of a sporting event, for which offense he was fined $6,000, and that as a consequence thereof he has been barred from horse and dog race tracks and jai alai fron-tons in Florida. Thus the appellee .is a person who, under the terms of the ordinance, is to be excluded from city parks and stadia when sporting events are being conducted.
The determinative question is whether the challenged ordinance represents a permissible and reasonable exercise of the police power. More specifically stated, the question is “whether it [the ordinance] has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. And the test must be applied in view of the character or nature of the condition to be remedied and all circumstances relating thereto.” City of Miami v. Kayfetz, Fla.1957, 92 So.2d 798, 801-802.
At the outset it should be noted the present ordinance must be distinguished from those which exclude certain persons or classes of persons as defined therein from pari-mutuel race tracks or jai alai frontons or places where intoxicating liquors are sold, which are privileged businesses subject to governmental regulations. For example, in Hialeah Race Course v. Gulfstream Park Racing Ass’n, Fla.1948, 37 So.2d 692, 694, the Supreme Court said: "Authorized gambling is a matter over which the state may exercise greater control and exercise its police power in a more arbitrary manner because of the noxious qualities of the enterprise as distinguished from those enterprises not affected with a public interest and those enterprises over which the exercise of the police power .is not so essential for the public welfare.” And in City of Miami v. Jiminez, Fla.App.1961, 130 So.2d 109, 110, this court said: “The municipal ability to legislate, that is to limit individual rights is directly proportional to the strength of the danger to the public.” In this connection see also City of Miami v. Kayfetz, supra; City of Miami v. Jiminez, supra; Inman v. City of Miami, Fla.App.1967, 197 So.2d 50, cert. den. Fla.1967, 201 So.2d 895, cert. den. 389 U.S. 1048, 88 S.Ct. 769, 19 L.Ed.2d 841.
In 6 Fla.Jur., Constitutional Law § 190, it is said:
“While the police power includes authority to use all means consistent with organic law to effectuate the purpose designed, regulations under the police power must have a real and substantial relation to the object sought to be attained. In the exercise of the police power the means adopted must be reasonably necessary, and must be reasonable in their effect on the person. A police regulation must be reasonably designed to accomplish a purpose falling within the scope of such regulation. * * * ”
We are not unmindful of the rules, as stated in City of Miami v. Kayfetz, supra, that an ordinance which is within the power of a municipality to enact is presumed to be reasonable, unless its unreasonable character appears on its face, and that where it does not appear there has been an abuse of authority or a violation of organic or fundamental rights wide latitude is accorded to the city to exercise its authority to enact regulatory ordinances.
Validity of the exercise of police power in this instance is to be determined upon balancing the interests of the individual as a member of the public to the use of publicly owned facilities without undue or unnecessary deprivation of his personal rights and liberty of action, against the rights and interests of the public to protec *498 tion from the evils and dangers which the ordinance seeks to avoid. With regard to the present ordinance the balance of interests favors the individual’s rights. The ordinance excluding a person described therein from the city owned Orange Bowl stadium while a football game is in progress, is not reasonably designed and calculated to avoid or eliminate the envisioned evils and dangers to the public so as to justify depriving the individual of his freedom to spectator use of the facility as a member of the public.
Accordingly, we agree with the conclusion reached by the able trial judge that the ordinance is too broad and is not a proper exercise of police power in its relation to city owned stadia and parks, as distinguished from such regulations when imposed with reference to specially privileged businesses.
Affirmed.

. Pertinent sections of the ordinance are as follows:
“Section 1. Any person who has been convicted of bookmaking or bribery of participants in sporting events, and the record of whose conviction on such charge is on file in the City of Miami, the office of the Florida State Racing Commission, or in any other municipal, county, state or federal court or agency in this state or any other state, shall be excluded from all City of Miami-owned parks and stadiums when sporting events are being held.
“Section 2. Any person who has been ejected from any City of Miami-owned parks or stadiums or from racetracks, Jai Alai Frontons, whether in this state or any other state, for reasons of bookmaking, or bribery of participants in sporting events, shall be excluded from all City of Miami-owned parks and stadiums when sporting events are being held.
“Section 3. Whenever the activities of an individual indicate that this law is being violated, it shall be the duty of every officer, director, official and employee of the Lessee or permit holder and all law enforcement officers of the City of Miami to investigate the actions of the person or persons believed to be violating this law, and, after investigation it shall be apparent that said person or persons are violating the law, they shall be ejected from the premises and an ejection slip filed with the City Manager’s office.
“Section 4. Whenever any person, who is to be excluded or ejected refuses to leave when so ordered, then said person shall be in violation of this ordinance and upon conviction thereof, shall be fined not exceeding $500.00 or imprisoned for not more than sixty (60) days, at the discretion of the Municipal Judge.”