McCAIN, Judge.
Petitioner, Town of Palm Beach, seeks certiorari to review an order of the circuit court reversing conviction of respondent in the municipal court for violation of its ordinance found by the circuit court to be unconstitutional and invalid as an unreasonable exercise of petitioner’s police power.
Without attempting precocious wisdom, we disagree with the circuit court.
The ordinance in question provides as follows:
“Sec. 8.12-1 Surfboards and Skimmers; Use Prohibited.
It is hereby declared to be unlawful for a person to use or operate a surfboard, or a device known as a skimmer upon any beach, or in the surf adjacent to any beach, within the limits of the Town. (Ordinance 11-64, Sec. 1, October 13, 1964).”
The record discloses the respondent operated a surfboard in the ocean adjacent to the beach in part of the Town of Palm Beach in violation of the ordinance, and upon coming ashore was arrested after having been warned by a police officer that such activity was illegal.
Following conviction and upon appeal, the circuit court concluded there was nothing inherently obnoxious or illegal, per se, in surfing requiring it to' be prohibited, and assuming it to fall within the subject of legislation, such regulation must be in a reasonable manner, i. e., designation of a certain area of the beach for surfing activities.
The pertinent evidence before the circuit court surrounding the ordinance was the testimony of the petitioner’s town manager given during the municipal court trial, as follows:
“THE WITNESS: Right. The life of the bathers, the guards or the beach people who we have to protect the bathers couldn’t protect them because surfboards were getting away from the surfers and they come ramming into the beaches and we had several people hurt and all up and down the beach here and it was a case of protecting the lives of the people on the beaches. That *5 is what started the ordinance to prevent surfing.”
This testimony, coupled with the theory that a municipal ordinance is presumed to be reasonable, unless its unreasonable character appears on its face,[1] constitute a sufficient shoring up of the ordinance to sustain its validity.
Likewise, the ordinance meets the test of the rule that if reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will should prevail.[2]
This ordinance also survives the rule of reasonableness prescribed in City of Miami v. Kayfetz, Fla.1957, 92 So.2d 798, 801, cited in footnote, stated as follows:
“* * * [T]he test is not whether we think it a wise measure or the best means approaching a problem, but rather whether it has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. And the test must be applied in view of the character or nature of the condition to be remedied and all circumstances relating thereto.”
While surfing may be a healthy and challenging sport, in applying the Kayfetz test we can only conclude there is a rational relation between prohibiting surfing and making the beaches safe. The passage of this ordinance, designed to make the public beaches safe, was obviously spawned by petitioner’s conclusion that surfing had become hazardous to bathers.
The fact that the petitioner, at times, may have been lax in enforcement of the ordinance does not diminish the respondent’s derisive violation of it since he was forewarned of the unlawful nature of his proposed activity.
Accordingly, certiorari is granted, the order of the circuit court is quashed and the cause is remanded with directions to reinstate the conviction by the municipal court.
CROSS, C. J., and TJOFLAT, GERALD BARD, Associate Judge, concur.

. State ex rel. Harkow v. McCarthy, 1936, 126 Fla. 433, 171 So. 314; City of Miami v. Kayfetz, Fla.1957, 92 So.2d 798.

. State ex rel. Skillman v. City of Miami, 1931, 101 Fla. 585, 134 So. 541.