244 So.2d 532 (1971)
TOWN OF BELLEAIR, a Municipal Corporation, and United States Steel Corporation, a Delaware Corporation, Appellants,
v.
Edward MORAN, George Mariani, Robert M. Snibbe, Dorrance S. Roysdon, Miriam Van Vliet, Mabel P. Ahlf and William R. LaRosa, Appellees.
No. 70-584.
District Court of Appeal of Florida, Second District.
February 19, 1971.
*533 Joe R. Wolfe, of Wolfe, Bonner & Hogan, Clearwater, for appellant, Town of Belleair.
John D. Fite, of Richards, Nodine, Gilkey, Fite & Meyer, Clearwater, for appellant, U.S. Steel Corp.
Charles S. Carrere, of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellees.
McNULTY, Judge.
This controversy involves certain rezoning ordinances enacted by appellant Town of Belleair allegedly at the instance of appellant United States Steel Corporation.
Plaintiffs-appellees filed suit for injunctive relief challenging such ordinances alleging the interrelationship of appellants, and the interests of United States Steel Corporation in the resultant rezoning. Additionally, it is alleged that such rezoning is "not in the best interest of the community"  that it favors "the private interests of United States Steel Corporation to the detriment of the public interests of the community"  that the "change in zoning was not made in accordance with a comprehensive plan"  that it "did not promote health and the general welfare"  that it "failed to conserve the value of buildings in the remainder of the community or to encourage the most appropriate use of the land throughout such municipality"  that it "substantially altered and drastically changed the character of the town"  that it "was not made with reasonable consideration, among other things of the character of the district and its peculiar suitability for particular purposes"  and that it caused "permanent impairment and damage to the existing zoning * * * tax structure * * * topography * * * ecology * * * climatology * * * and * * * rustic and residential character of the area, thereby causing serious and substantial harm to the aesthetic qualities to the area." Appellants' motions to dismiss this complaint were denied and this interlocutory appeal followed. We affirm.
Only two points on appeal merit discussion. First, whether an injunction suit is proper instead of a certiorari proceeding pursuant to Rule 4.1, F.A.R., 32 F.S.A. and (since we answer that question in the affirmative), secondly, whether the complaint failed to show that the Town had not acted within the permissible scope of its authority and discretion in taking the action complained of. As to the first question, a suit for injunctive relief is proper since the proceedings under review were legislative rather than quasi-judicial in nature. In such case certiorari is inappropriate.[1] Additionally, this case is a direct attack on the validity of the Town's actions and clearly differs from one in which an appeal is sought from a decision of a Board of Adjustment relating to a variance and made pursuant to Ch. 176, F.S.A.[2]
As to the second point on appeal which we will discuss, we are of the view that the complaint is sufficient. First of all, it is well settled that a zoning ordinance is a valid exercise of police power only when there is a statutory authority to enact it[3] and when it bears a substantial relation to the public health, safety, morals *534 or general welfare,[4] or when it is in aid of a comprehensive plan favorable to such objectives.[5] Here, the express statutory authority given to the Town of Belleair to zone is found in C. 14583, Spec.Acts 1929, the criteria of which are adopted in Section 54 of the Belleair Code as follows:
"Such [zoning] regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality."
There is no contention made that either the special act or the section of the Town code referred to is invalid or insufficient, and their provisions substantially satisfy the objectives for which the zoning power may be granted. Accordingly, a zoning ordinance enacted pursuant thereto is presumptively valid, and one seeking to invalidate it has the burden of showing its invalidity.[6]
Now, as we've noted, a zoning ordinance must bear a substantial relationship to public health, safety, morals or general welfare. When, therefore, from the facts and circumstances alleged in a complaint attacking the validity of a zoning ordinance it patently appears that any such relationship is nonexistent, or at most sophistically apparent, the duty should be on the zoning authority to respond and allege sufficient facts to demonstrate that the matter is at least "fairly debatable."[7] Here, the petition can hardly be couched in stronger terms insofar as it charges noncompliance with the required criteria. True it is that the ultimate charges are conclusionary in nature, but they are conclusions based on facts otherwise stated or inferred from the allegations in the complaint and the attached exhibits. Additionally, from the facts and circumstances pleaded as leading up to the enactment of the challenged actions of the Town, together with the pleaded physical and use character of the areas affected and the alleged results, it is difficult prima facie to see how such actions inure substantially to the health, safety, morals or general welfare of the community. They may indeed so inure; but this is not demonstrated, we submit, by rhetoric or necessary implication from the picture drawn within the four corners of the complaint, nor is it patently "fairly debatable." The Town, by answer, ought to put plaintiffs on strict proof of their charges or affirmatively plead facts which bring these essential matters within the "fairly debatable" rule. Upon full hearing, then, the material ultimate facts on the issues thus framed can be determined and the proper conclusions of law drawn accordingly. In its present posture the case is not yet ripe for dismissal.
Affirmed.
MANN, J., concurs.
PIERCE, C.J., dissents with opinion.
PIERCE, Chief Judge (dissenting).
I must dissent.
Appellants Town of Belleair (hereinafter the Town) and United States Steel Corporation *535 (hereinafter the Corporation) bring this interlocutory appeal here from an order of the Pinellas County Circuit Court denying the motion of appellants, as defendants in the lower Court, to dismiss the complaint filed against them by appellees as plaintiffs therein.
The controversy between the parties arose as a result of disagreements among the local citizens concerning certain rezoning of properties located in the Town. It is unnecessary, for purpose of disposition of the instant appeal, to go into the intricate details of the various contentions of the local factions. The Board of Commissioners of the Town took action to rezone two areas of the town, the effect of which would, among other things, impose certain restrictions on the use of a portion of Coe Road in the Town; and to enter into an agreement with the Corporation concerning its town properties.
The appellees (hereinafter the plaintiffs) filed complaint in the Circuit Court as a class action, alleging generally that the official actions of the Board of Commissioners would be detrimental to the community and its citizens as taxpayers, and also because it favored the private interests of a "single corporation over the public interests of the community". Various other objections to the Board's actions were alleged.
The Town and the Corporation filed motions to dismiss the complaint on several grounds, viz: (1) a certiorari proceeding was the proper remedy for challenging the Board's actions, (2) the plaintiffs lacked "standing" in Court because they did not allege they suffered any special damages by virtue of the municipal actions complained of, (3) the petition was not verified when filed in Circuit Court, and (4) the petition failed to show that the Board had not acted within the permissible scope of its authority and discretion in taking the actions complained of.
The motions to dismiss were denied, and the Town and the Corporation have filed their joint interlocutory appeal to this Court to review said order. I will discuss the points raised seriatim.

(a) Proper mode of relief.

The procedural objection raised by the Town and the Corporation does not require extended discussion. § 70 of the Charter of the Town of Belleair, Ch. 14583, § 8, Special Acts, 1929, reads as follows:

"Any person or persons, jointly or severally, aggrieved by any act of the Board of Commissioners under the powers herein granted to said Board may present to the Judge of the Circuit Court of Pinellas County, Florida, a petition duly verified, setting forth that such act is illegal in whole or in part, particularly specifying the grounds of illegality. Such petition shall be presented to said Court within thirty days after the act or acts of the Board of Commissioners upon which the petition is based or no action, suit or other proceeding in any manner questioning the legality of said act or acts shall lie for any cause whatsoever." (Emphasis supplied).
This Section in my opinion is controlling in challenging the legality of actions of the governing body of the Town of Belleair. Extraordinary remedies, such as certiorari, prohibition, mandamus or injunction may be resorted to "in situations where applicable statutes fail to provide specific methods of review" but "when the statute provides the appellate procedure, that course should be followed". DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, citing Curry v. Shields, Fla. 1952, 61 So.2d 326, and State ex rel. Coleman v. Simmons, Fla. 1957, 92 So.2d 257. Even in F.S. ch. 120, F.S.A., the Administrative Procedure Act, under Part III dealing with Judicial Review, certiorari is categorized "as an alternative procedure for judicial review", F.S. § 120.31, F.S.A. The instant petition filed in the Circuit Court was therefore the proper remedy to challenge the municipal actions.

*536 (b) The "standing" of the plaintiffs.

The City and the Corporation each challenged the standing of the plaintiffs to question the acts of the governing body by judicial review. They contend that the plaintiffs must show some special damage or damages beyond that of the general public in order to maintain their challenge. I cannot agree. While this may be so in some instances it is not true here. Section 70 of the Town Charter specifically provides that "any person or persons, jointly or severally, aggrieved" by any action of the town governing body may challenge the same by appropriate Court action in the form of a petition filed in Circuit Court.
Since the Constitution of 1968 was adopted and the Belleair Home Rule Act was passed by the 1969 legislature, the Belleair town charter has both statutory and constitutional status and sanction. Art. VIII, § 2(b) Constitution of 1968, F.S.A., provides that: "[m]unicipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law." And Ch. 69-839, Special Laws of Florida, 1969, applying only to the Town of Belleair, in Section 1 (c) specifically amended the Town Charter so as to provide that "[t]he Town of Belleair and its Board of Commissioners * * * shall have all powers and authority previously granted to them by the laws of Florida, both general and special, without limitation, * * * [a]nd in addition thereto * * * shall have all legislative and governmental authority reserved to municipalities pursuant to and in accordance with said Constitution [of 1968]".
The apparent difference between the present Art. VIII, § 2 of the 1968 Constitution and the old Art. VIII, § 8 of the 1885 Constitution is that "under the new language, all municipalities have governmental, corporate, and proprietary powers unless provided otherwise by law, whereas under the 1885 Constitution, municipalities had only those powers expressly granted by law". (Emphasis supplied). See commentator's notes following the 1968 Constitutional provision.
In the light of these organic and statutory provisions, Section 70 of the Town Charter has plenary application.

(c) The unverified petition.

The City and the Corporation contend earnestly that failure of the petition filed in the Circuit Court to be verified was fatal to the law suit. I am not too impressed by this argument. It is true that § 70 of the Town Charter provides for the filing of "a petition duly verified" but I regard that as more procedural than jurisdictional.
Furthermore, the case was governed, in its broad aspects of procedure, by the Florida Rules of Civil Procedure. Rule 1.030(a), 30 F.S.A. provides generally that pleadings in civil cases need only be signed by at least one attorney of record for the party filing the pleading, and significantly states that "the signature of an attorney shall constitute a certificate by him that he has read the pleading or other papers; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay". It is true that the Rule also, in an oblique and negative manner, infers that when so provided by statute the pleading should be verified, but I regard that, in the light of the entire Rule, to be directory and not mandatory.
In any event, the petition, in addition to bearing the signatures of three attorneys for plaintiffs, was actually verified on June 23, 1970, by the filing of an affidavit by the principal plaintiff attesting to the truth of the facts contained therein. This was prior to any action taken by the Court upon the merits of the case. The lack of verification at the time of filing was not fatal.

*537 (d) Challenging the judgment and discretion of the Town officials.

Upon this point the petition was vulnerable and I would reverse.
The petition, in challenging the propriety of the various actions of the Town Commissioners, uses language such as  "not in the best interests of the community"  "favoring the private interests of United States Steel Corporation"  "to the detriment of the public interests of the community"  "change in zoning was not made in accordance with a comprehensive plan"  "did not promote health and the general welfare"  "failed to conserve the value of buildings in the remainder of the community or to encourage the most appropriate use of land throughout such municipality"  "substantially altered and drastically changed the character of the town"  "was not made with reasonable consideration, among other things, of the character of the district or its peculiar suitability for particular purposes"  was confusing, indefinite, non-specific and uncertain"  and that the town action caused "permanent impairment and damage to the existing zoning * * * the tax structure * * * the topography, * * * the ecology * * * the climatology * * * and * * * the rustic and residential character of the area, thereby causing serious and substantial harm to the aesthetic qualities of the area."
Such language, which is typical of the allegations throughout the petition, falls considerably short of the minimal showing necessary to warrant judicial overthrow of qualified municipal handling of public business involving exercise of official judgment and discretion.
Attention is directed to the precise language of § 70 of the Town Charter which provides judicial challenge to any act of the Board of Commissioners if "such act is illegal in whole or in part". (Emphasis supplied). Later in the same Section is a prohibition against any other kind of action or proceeding "questioning the legality of said act". (Emphasis supplied). This but emphasizes what the general law otherwise is, namely, that a Court "cannot invade the administrative duties" of a public board, but "can only determine whether the action was illegal vel non". Broward County Rubbish Contractors Association v. Broward County, Fla.App. 1959, 112 So.2d 898. See also Hayes v. Bowman, Fla. 1957, 91 So.2d 795.
In Broward County Rubbish, this 2nd District Court, speaking through Judge Allen, said:
"Where a public body is exercising discretionary powers within the orbit of laws affecting them, courts will not assume jurisdiction or exercise power to interfere with such public bodies. Courts will not determine whether or not the action of public officers is wise, economical or advantageous, such questions belonging exclusively to the public officers and boards. If they exercise their powers foolishly or unwisely, the recourse of their constituents is to the ballot box and not to the courts."
In Town of Riviera Beach v. State, Fla. 1951, 53 So.2d 828, the Supreme Court said:
"Assuming that the municipal authorities have acted within the orbit of their lawful authority, no principle of law is better established than that courts will not sit in review of proceedings of municipal officers and departments involving legislative discretion, in the absence of bad faith, fraud, arbitrary action or abuse of power. * * * A court cannot substitute its judgment for that of the municipal authorities if there is room for debate. Another statement of the rule is as follows: `With the exercise of discretionary powers, courts rarely, and only for grave reasons, interfere. These grave reasons are found only where fraud, corruption, improper motives or influence, plain disregard of duty, gross abuse of power or violation of law, enter into and characterize the result. Difference in opinion or judgment is never a *538 sufficient ground for interference.' If the result of the given action, as the letting of a contract for an improvement, the construction and operation of a particular utility or the enactment of a certain ordinance, is an economic mistake, a municipal extravagance, and an improper burden upon the taxpayers, as so often urged in contests of this nature, the prevailing answer of the courts is that the remedy, if any exists, is at the ballot box, rather than by injunction or other court proceeding. It may be stated broadly that this immunity from judicial control embraces the exercise of all municipal powers, whether legislative or administrative, which are strictly discretionary." (Emphasis supplied)
The Town Board of Belleair is vested with authority to make determinations on zoning matters. These duly elected officials have the right, and in fact the duty, to make decisions affecting the public welfare and interest, and the Courts should not attempt to "second guess" such duly elected officials in a suit brought by a "citizens committee" which impliedly asserts that it has deeper and more enlightened regard for the public interest and the public good than the municipal officials who were charged with that public responsibility.
Any other rule would completely disrupt municipal government. Any discontented person could otherwise challenge every municipal decision under the claim that the municipal officials were not adequately or properly protecting the public interest. In such event, municipal government would grind to a halt and chaos would be the only result. The Courts can not sanction this state of affairs  duly elected officials have a job to do and they must be afforded the opportunity to do it. See generally our previous discussion herein of Art. VIII, § 2, Constitution of 1968 and Ch. 69-839, Special Laws of Florida, 1969.
In the case sub judice, the petition filed in the lower Court did not directly or clearly allege that any of the actions taken by the Town Commissioners was illegal vel non. Certainly the petition did not measure up to the high degree imposed upon the objecting plaintiffs by Broward County Rubbish and the other cases cited.
I would therefore reverse the order denying the motion to dismiss the petition, but also feel that the plaintiffs should be given a further opportunity to amend their petition if they feel they can allege a justiciable case within the pronouncements of this opinion.
I therefore dissent from the holding of the majority.
NOTES
[1] See, Harris v. Goff (Fla.App. 1963), 151 So.2d 642.
[2] See, e.g., Thompson v. City of Miami (Fla. 1964), 167 So.2d 841 and Josephson v. Autrey (Fla. 1957), 96 So.2d 784.
[3] See, e.g., State ex rel. Helseth v. DuBose (1930), 99 Fla. 812, 128 So. 4.
[4] See, e.g., Miami Beach v. 8701 Collins Ave., Inc., (Fla. 1954), 77 So.2d 428.
[5] See, e.g., State ex rel. Henry v. Miami, (1934), 117 Fla. 594, 158 So. 82.
[6] See, St. Petersburg v. Aikin, (Fla. 1968), 217 So.2d 315.
[7] Cf., Hillsborough County v. Twin Lakes Mobile Homes Village, Inc., (Fla.App. 1963), 153 So.2d 64.