311 So.2d 738 (1975)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellants,
v.
Helen Foster FLETCHER et al., Appellees.
No. 74-870.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 13, 1975.
Stuart Simon, County Atty., and Clifford Schulman, Asst. County Atty., for appellants.
Turner & Shapiro, Alan Rothstein, Miami for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
Metropolitan Dade County appeals an order of the circuit court directing *739 the County Commission to rezone thirteen acres located at the southwest corner of the intersection of Southwest 97th Avenue and 24th Street by changing the district boundary of the zone classification. The County Commission has zoned the northern 200 feet of the property RU-TH (townhouses) and the remainder RU-1 (single family residence). The trial court held this classification "... arbitrary, unreasonable and not fairly debatable." Thereupon, it directed a change to a classification "no less restrictive than RU-4L" (apartment use 23 units per acre). We reverse upon a holding that the zoning placed upon the property by the legislative authority was not shown to amount to a confiscation of property and that the record before the Board of County Commissioners conclusively demonstrated the fairly debatable character of the decision. See City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442 and Dade County v. Mitchell, Fla.App. 1966, 188 So.2d 359.
The record before the Board of County Commissioners showed the section west of 97th Avenue to contain no multiple-family development. The legislative action of the Board of County Commissioners was supported by: the recommendations of the Planning Department of the County, the recommendations of the Zoning Department, the recommendations of the Zoning Appeals Board, and the findings of the Florida International University Tamiami Park Area Study. Of course, all of these agencies of the county government could be wrong but there is nothing in this record to show that they are. These recommendations were part of the record before the commission and are probative to support the application of the "fairly debatable" rule. See Hall v. Korth, Fla.App. 1971, 244 So.2d 766; Miles v. Dade County, Fla.App. 1972, 260 So.2d 553.
The trial judge concentrated his examination to the use of the 97th Avenue corners:
"Briefly, the facts revealed the zoning on the northwest corner of the intersection to be a combination of RU-5A (semi-professional offices) and RU-4L. Furthermore, the zoning on the northeast corner of the intersection is RU-4L. This property is already developed. On the southeast corner of the intersection is found a gas station, Farm Store, and shopping center, all zoned BU-1A.
"To the immediate south of the subject property, the evidence revealed a Florida Power & Light easement 160 ft. wide. This easement extended from 97th Avenue westward almost the entire length of the subject property. A church is located to the immediate west of the property."
We think that the corners argument is insufficient for a rezoning of thirteen acres. See Dade County v. Mitchell, Fla.App. 1966, 188 So.2d 359.
The judgment of the trial court must be reversed upon authority of City of Miami Beach v. Ocean and Inland Company, 147 Fla. 480, 3 So.2d 364 and City of Miami v. Zorovich, Fla.App. 1967, 195 So.2d 31.
Reversed.