360 So.2d 1130 (1978)
DADE COUNTY, Appellant,
v.
INVERSIONES RAFAMAR, S.A., a Panamanian Corporation, Appellee.
No. 77-439.
District Court of Appeal of Florida, Third District.
July 18, 1978.
*1131 Stuart L. Simon, County Atty., and St. Julien P. Rosemond, Sp. Asst. County Atty., for appellant.
John G. Fletcher, South Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
Dade County, the respondent in the trial court to a petition for certiorari, appeals a final judgment which rezoned appellee's property upon appellee's petition to review a denial of the rezoning by the County Commission.[1] We reverse upon a holding that the zoning of appellee's property is a legislative matter and that the circuit court was without authority to change that zoning upon a petition for certiorari to review the action of the County Commission other than upon a record showing that the Commission had clearly departed from *1132 the essential requirements of law as they applied to appellee's property. We further hold that the attempted rezoning of appellee's property was a fairly debatable matter and that reversal is required by the holdings of City of Miami Beach v. Silver, 67 So.2d 646 (Fla. 1953); and Neubauer v. Town of Surfside, 181 So.2d 707 (Fla. 3d DCA 1966). Cf. Bessemer Properties, Inc. v. Miami Shores Village, 110 So.2d 87 (Fla. 3d DCA 1959).
The appellee, Inversiones Rafamar, S.A., a Panamanian corporation, filed an application with the Building and Zoning Department making the request to change the zoning of 2.52 acres on the south side of Coral Way and S.W. 130th Avenue. The request for change was stated to be one for "district boundary change." Petitioner sought to change the existing zoning of EU-1, which permitted one unit per acre, to EU-M, which is "estate use modified" and allows 2.3 units per acre. The Building and Zoning Department director recommended the denial of the change because the EU-M zoning would be detrimental and out of character with the area and would constitute spot zoning. He further pointed out that approval would mean piecemeal change and spot zoning in the area. The Planning Department director recommended denial upon the ground that the district boundary change is premature, stating that to the date of the hearing, development has been confined to the north side of Coral Way with Coral Way being defined as a line of demarcation.
The matter came on before the County Commission and petitioner presented no evidence before the Commission other than argument of counsel. There was strong objection from neighbors who have developed their property as one acre estates to the south of petitioner's property. A review of the record shows that the entire strip on the south side of Coral Way (which is S.W. 26th Street) from S.W. 128th Avenue to S.W. 132nd Avenue is zoned EU-1 for one acre estates. The north side of Coral Way immediately across from appellant's property is zoned RU-1, agricultural interim zoning, but is occupied by a school. Some property to the north of Coral Way and east of petitioners property has been platted as single family residence lots of lesser dimensions than one acre. This property, however, is separated from Coral Way by a wall. All of the property immediately south of petitioner's property is zoned AU agricultural, but is actually platted and used as one acre estates. The appellee points out that the Dade County Master Plan calls for zoning on the subject tract and surrounding properties including the one acre estates to the south of up to five homes per acre. It is argued that the zoning requests calling for 2.3 single family homes per acre would be substantially in compliance with the Dade County Master Plan. We think this is true as far as the Master Plan goes except that it must be recognized that the plan, by calling for use of from one to five homes per acre, leaves discretion to the County Commission as to whether development in the area substantiates one unit per acre or a greater density. Appellee further argues that under the decision in Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975), the decision of the trial court to rezone the property should be upheld upon the substantial relationship rule which, as stated by that court, is: "In order for a zoning ordinance or regulation to be valid, it must have some substantial relationship to the promotion of the public health, safety, morals or general welfare." While we recognize the validity of this rule, it should be pointed out that when the legislative authority determines the proper zoning for an area, it is presumed to have a substantial relationship to public welfare because zoning is a legislative matter. The burden is upon the person wishing to change the zoning to show that there is no substantial relationship between the zoning set up by the legislative authority and the public welfare of the community. In the present instance, the existing EU-1 (one acre estate) zoning is in conformity with the Master Plan, is consistent with the properties adjacent to appellee's property and is consistent with the actual development of the area. Further, we think that the record shows that the substantial *1133 change in the density allowance for this relatively small tract in relationship to all of the area adjacent to it is, as the Building and Zoning Department director states, piecemeal change and constitutes spot zoning. Cf. the considerations of law in Parking Facilities, Inc. v. City of Miami Beach, 88 So.2d 141, 142-143 (Fla. 1956).
As for appellee's contention that the court is merely changing a boundary line as he requested before the County Commission, we should point out that the decision of the trial judge does not change the boundary, which is Coral Way, but simply makes an indentation into the line for appellee's benefit. It is a well-established zoning rule that there must be a dividing line drawn, sometimes arbitrarily. When that line must be drawn, it is to be drawn by the zoning authority and in the absence of showing that the location of the line is one which deprives the owner of the beneficial use of his property, it should not be changed by the judiciary. Cf. City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953); and City of Tampa v. Consolidated Box Company, 110 So.2d 446 (Fla. 2d DCA 1959).
Thereupon, the final judgment granting certiorari is reversed and the cause remanded with directions to deny the writ and dismiss the petition.
Reversed and remanded.
NOTES
[1] The circuit court judge peremptorily stated:

"Dade County shall, within thirty days from the date hereof, rezone the property which is the subject matter of this litigation to the EU-M zoning category of Dade County as it existed as of June 22, 1976, the date of the hearing before the Dade County Commission."