PER CURIAM.
In this declaratory judgment action seeking to have the Zetrouers’ rights determined under a comprehensive plan adopted pursuant to law, the lower court denied them relief. They appeal and we affirm. Without ruling on the legality of Alachua County’s change in its comprehensive plan effected after the Zetrouers applied to have their property rezoned, we hold that Ala-chua County had the authority under its *1066 original comprehensive land use plan[1] to deny the rezoning application.
The appellants proposed development called for an average density of four units per acre. However, the density level as specified in the land use element designated for appellants’ property in the original comprehensive plan was three-four units per acre. The county commission had the discretion to establish a density level between three and four units for this particular land use element in enacting a zoning ordinance, and the land owner was not entitled to the maximum density allowable within that range. See Dade County v. Inversiones Rafamar, S.A., 360 So.2d 1130, 1132 (Fla. 3d DCA 1978).
AFFIRMED.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. This adopted plan became effective on July 1, 1978, pursuant to the Local Government Comprehensive Planning Act of 1975, Section 163.-3161, et seq., Florida Statutes.