### SUSOR v. TOWN OF INDIAN SHORES, et al.
Case No. 82-2204-17
Sixth Judicial Circuit, Pinellas County
September 23, 1983

John T. Allen, Jr., for defendant.

Peter D. Grayham, for plaintiff.

FRED L. BRYSON, Circuit Judge

THE FOREGOING CAUSE came on to be heard upon Defendants' Motion for Summary Judgment. At the hearing the Court received for filing the Affidavit of JOHN SUSOR and the depositions of RUTH E. SMITH, WILLIAM CADRECHA, LEWIS CASE, EDSON BURNETT, EVELYN MICHEL, ROLLIN SAVAGE, SUE BREEDING, and SHERRI JACOBS. Both counsel stipulated and agreed to the Court's consideration of these depositions at the hearing.

The Plaintiff, JOHN SUSOR, has filed a Complaint in this cause attacking the Comprehensive Zoning Plan of the TOWN OF INDIAN SHORES. He complains that during the process of enactment of the Comprehensive Plan under the mandate of the Florida Legislature

contained in Florida Statutes Chapter 163[1] that the Town Council acted in an arbitrary, unreasonable and capricious manner in reducing the proposed zoning of twenty-four (24) units to eighteen (18) units per acre.[2]

Under the Plaintiff's Complaint, it is clear that he claims that the Town Council in enacting the density requirements under the TOWN's Comprehensive Plan was totally *devoid* of any evidence before it upon which it could have rationally made such a decision. The Court finds it imperative to acknowledge the total and precise arguments made by counsel for the Plaintiff at hearing on Motion for Summary Judgment because in the Court's experience it is such assertions which constitute the true essence and position of parties at hearings rather than the formalities contained in their pleadings. Counsel for the Plaintiff asserts that there was a change in Town Council members which then voted to reduce the density from twenty-four (24) units per acre to eighteen (18) units per acre under the TOWN's Comprehensive Plan mandated by the Legislature during the process of deliveration on the Comprehensive Plan. He contends that it makes no difference whether the prior Council was right or wrong in making its determination that the density of the TOWN should be twenty-four (24) units per acre. Counsel for the Plaintiff points to the deposition of one of the Town Council members who lost the vote on the density question as standing for the proposition that there was absolutely no basis upon which Town Council could have voted a reduction in density in its consideration of the Comprehensive Plan. The specific issues argued by counsel for the Plaintiff involve the contention that traffic conditions on Gulf Boulevard in 1977 caused pollution and there were three (3) alternatives which City Council could have followed in considering what to do about the pollution problem on the main thoroughfare of the TOWN OF INDIAN SHORES. These three alternatives were: to three lane Gulf Boulevard; or control traffic with stricter traffic control devices; or as counsel for the Defendants points out, reduce the density. It is obvious to the Court that the issue of whether to reduce density because of the substantial pollution problem experienced on Gulf Boulevard was one which is clearly demonstrated by the depositions on file to be "fairly debatable."

Another issue raised by Plaintiff's counsel is the question of the capacity of the sewer system in which Plaintiff contends that at the time

[1] F.S. 163.3161, et seq.

[2] The TOWN's prior classification until initial consideration by the prior Town Council was 36 units per acre. The prior Town Council Voted to reduce the density from 36 to 24 units per acre. When the newly elected Town Council was formulated, it voted to reduce the 24 units to 18 units per acre and it is this action which has caused Plaintiff to file his Complaint.

of the vote on the density question it was acknowledged that the TOWN was going to hook into the McKay Creek Sewerage System of the County which supposedly would give it unlimited capacity. While this might have been an argument for those advocating a higher density at the Town Council meeting in which the density was lowered, the comprehensive report which was before City Council and which was prepared by the zoning staff of Pinellas County as required under Chapter 163 Fla. Stat. indicates the existence of a sewerage problem as does the affidavit of Marsha Gratsam in which the records of the TOWN indicate sixteen (16) meetings from April 1980, through March of 1981 to consider the sewerage treatment issue as it related to the land use element of the plan. At these meetings the public as well as the Plaintiff had an opportunity to voice their view on the sewerage problem. Again, the uncontested record before the Court shows that the issue concerning sewerage disposal of the TOWN OF INDIAN SHORES was clearly "fairly debatable."

Plaintiff's counsel then contends that the question of a water shortage because of density of population was one which was completely solved and that there was plenty of water for any increase in density which the City wished to impose upon its citizens. The Comprehensive Plan and proof before the Court amply rebuts this proposition. The record should be clear that the Court finds that the record before it is clearly sufficient in and of itself to warrent the Court's finding that the question of a water shortage was "clearly debatable" in and of itself; however, the Court, being fully apprised of the legal requirements of judicial knowledge, does find in addition to the record and does take judicial knowledge of the fact that Pinellas County is one of the most heavily populated counties in Florida and, in sum, does not have fresh potable water under the confines of Pinellas County to the extent that it can remotely service this population. It is not only common knowledge in Pinellas County, but a State-Wide-recognized fact that Pinellas County must import its water from other counties to the north and east of Pinellas County and that Pinellas County has been, and apparently always will be, in a water shortage because of increase in population thereby causing substantial hardships to the local governmental entities charged with supplying water such as Pinellas County and the City of St. Petersburg. These well-known and uncontroverted factors alone again which the Court finds are so well known that it can take judicial knowledge of such subject, in and of itself supports the Court's finding that the question of reduction of density and the question of water shortage was obviously and clearly "fairly debatable."

The Court finds that the law does not require city counsels to act with the preciseness of the judicial branch of government but with the

inpreciseness of the legislative prerogatives granted to city counsels in municipal corporations in this State. We live in a county of substantial population and density and the Court feels that the record amply supports a reduction of twenty-four (24) units per acre to eighteen (18) units per acre, which is obviously a municipal effort to address the numerous problems of overpopulation which this County and the record before the Court demonstrates to have existed for a substantially long period of time. It appears to the Court that the Legislature has mandated the density reduction addressed and passed by the TOWN OF INDIAN SHORES and that even possibly the TOWN has done less than intended by the Legislature.

In sum, Plaintiff's position is that the record is *devoid* of any basis upon which the Town Council could have voted a reduction from twenty-four (24) units per acre to eighteen (18) units per acre. The record before the Court shows that in the process of determining the Comprehensive Plan there were numerous meetings held by City Council to consider all of the elements required by F.S. 163.3177 F.S.A. 1981. Council had before it the recommended Municipal Comprehensive Plan for Indian Shores prepared by Pinellas County which, upon review, the Court finds to be not only in compliance with Chapter 163 Fla. Stat. but to formulate a total basis upon which the Town Council in voting to reduce density could have based its opinion. The Comprehensive Plan is so well done that it takes into account every aspect of municipal planning, including, but not limited to, traffic circulation, recreation and open space, environmental systems, growth trends, extensive land use analysis, and economic implications. The existence of this information as a matter of law totally defeats the Plaintiff's contention that the reduction of density by City Council was totally *devoid* of any basis upon which a density reduction under the Comprehensive Plan could have been legislatively enacted by the Town Council.

The law applicable to the case sub judice is clear. The Comprehensive Plan is a legislative action by the TOWN OF INDIAN SHORES and as such clearly comes under the "fairly debatable" rule governing the passage of a plan.[3] As a legislative decision it comes before the Court with the presumption of validity and correctness.[4] The burden is upon

---

[3] *City of New Smyrna Beach v. Barton*, 414 So. 2d 542 (Fla. 5th DCA 1982).

[4] *City of Miami Beach v. Silver*, 67 So. 2d 646 (Fla. 1953); *City of Miami Beach v. Wiesen*, 86 So. 2d 442 (Fla. 1956); *Parking Facilities, Inc., v. The City of Miami Beach*, 88 So. 2d 141 (Fla. 1956); *City of Punta Gorda v. Morningstar*, 110 So. 2d 449 (Fla. 2d DCA 1959); *City of Miami Beach v. Ocean and Inland Co.*, 3 So. 2d 364 (Fla. 1941); *City of Miami v. Rosen*, 10 So. 2d 307 (Fla. 1942); *City of Miami v. Rosenthal*, 208 So. 2d 495 (Fla. 3rd DCA 1968); *Town of Palm Beach v. Carter*, 229 So. 2d 3 (Fla. 4th DCA 1969); *Dade County v. Inversiones Rafamar*, 360 So. 2d 1130 (Fla. 3rd DCA 1978); *Town of Belleair v. Moran*, 244 So. 2d 532 (Fla. 2d DCA 1971).

the assailant to prove that a zoning ordinance is arbitrary and unreasonable and has no substantial relation to the public health, safety, morals or general welfare.[5] The question of density or units per acre clearly comes within the "fairly debatable" rule and, in fact, is the most discretionary of the powers granted to a municipal government in undertaking its legislative duties.[6]

In *Broward County v. Capeletti Brothers, Inc.*, 375 So. 2d 313 (Fla. 4th DCA 1979), the District Court established certain principals which are applicable to the case sub judice. This decision states that it is the judicial responsibility to to determine the rationality of zoning classifications and to heed our Supreme Court's warning[7] that "zoning or rezoning is a function of the appropriate zoning authority and not the courts." In essence, on judicial review, a landowner does have the burden of demonstrating that the existing zoning classification is arbitrary, unreasonable, or confiscatory. In sum, he must prove that the zoning action was not "fairly debatable." A zoning ordinance will not be deemed confiscatory unless it effectively deprives a property owner of the beneficial use of his property by precluding any reasonable use therof. No such contention is made in the case sub judice nor is it supported by the record.

Our Supreme Court has recently approved the decision of the Fifth District in what appears to be another landmark case in the type of case before the Court.[8] The District Court in *Town of Indialantic v. Nance*, 400 So. 2d 37 (Fla. 5th DCA 1981) indicates that the "fairly debatable" rule is a rule of reasonableness; it answers the question of whether, upon the evidence presented to the municipal body, the municipality's action is reasonably based. The primary purpose of the "fairly debatable" test is to allocate decision-making authority over zoning matters between the legislative· municipal body and the judiciary. The test purports to

[5]*Gautier v. Town of Jupiter Island*, 142 So. 2d 321 (Fla. 2d DCA 1962); *Allapattah Community Association, Inc., of Florida v. City of Miami*, 379 So. 2d 387 (Fla. 3d DCA 1980).

[6]*Central Bank and Trust Company v. Board of County Commissioners of Dade County*, 340 So. 2d 503 (Fla. 3rd DCA 1976); *Smith v. City of Clearwater*, 340 So. 2d 681 (Fla. 2d DCA 1980); *Town of Indialantic v. Nance*, 400 So. 2d 37 (Fla. 5th DCA 1981), Dec. App. *Nance v. Town of Indialantic*, 419 So. 2d 1041 (Fla. 1982); *Metropolitan Dade County v. Fletcher*, 311 So. 2d 738 (Fla. 3rd DCA 1975); *S.A. Healy Company v. Town of Highland Beach*, 355 So. 2d 813 (Fla. 4th DCA 1978); *Dade County v. Yumbo*, 348 So. 2d 392 (Fla. 3rd DCA 1977);—For Comprehensive Land Use Plan— see *T. D. Zetrouer v. Alachua County*, 408 So. 2d 1065 (Fla. 1st DCA 1982).

[7]*Skaggs Albertson v. A.B. Liquors, Inc.*, 363 So. 2d 1082 at 1091 (Fla. 1978).

[8]See *Nance v. Town of Indialantic*, 419 So. 2d 1041 (Fla. 1982).

prevent the Court from substituting its judgment with regard to zoning ordinance enactments for that of the zoning authority. In other words, the "fairly debatable" test was created to review the legislative-type enactments of zoning ordinances. Under the "fairly debatable" test, the reviewing court must uphold the ordinance so long as a reasonable basis exists to support zoning ordinances assuming no constitutional violations. In the strict sense then, the "fairly debatable" test is limited to the review of a municipality's "legislative" zoning decisions. In sum, the question of whether a matter is "fairly debatable" can take many forms including the existence of competent substantial proof of conflicting evidence before the board which automatically makes its decision "fairly debatable."[9]

By its Motion for Summary Judgment, the TOWN OF INDIAN SHORES and its Defendant Members of Town Council contend that the record is clear that the question of reduction of density, which is the subject of the Plaintiff JOHN SUSOR's Complaint, was, on the record, "fairly debatable." The TOWN contends that the existence of the numerous meetings, the consideration given to the question of density as evidenced by the debate which went on before the City Council as demonstrated by the depositions on file before the Court, serve to formulate a judicial conclusion that the question of density decided by the TOWN was "fairly debatable." The Court, ever mindful of the necessity to curtail legal expense where public funds are involved, agrees with the contentions of the Defendants and finds as a matter of law that the record before it is clearly within the decisions cited by this Court in its opinion and constitutes a matter which was "fairly debatable" and within the legislative prerogative of the Town Council. The Court, in following the law, cannot under such circumstances substitute its judgment for that of Town Council. Plaintiff's contention that the record before Town Council was completely *void* of any evidence upon which Town Council could have reduced its density in its legislative function of enactment of its Comprehensive Plan mandated by the Legislature is found to be totally without merit. One of the functions of a Motion for Summary Judgment is to determine whether the Plaintiff can prove a "prima facie" case.[10] Plaintiff has totally failed in this regard. The Court is mindful of the legal rule governing summary judgment, but in the Court's view, there is *no* "prima facie" evidence of arbitrariness, capriciousness, or confiscatory conduct of Town Council in reducing density in formulaing an overall comprehensive plan. There being no evidence which would permit the Court as trier of the fact to

---

[9]See *Bell v. City of Sarasota*, 371 So. 2d 525 (Fla. 2d DCA 1979).

[10] *Harvey Building, Inc., v. Haley*, 175 So. 2d 780 (Fla. 1965).

hold that the Town Council did not act rationally under the "fairly debatable" rule, the Court is compelled to grant Defendants' Motion for Summary Judgment.

Therefore, the Court grants Defendants' Motion for Summary Judgment and finds that final judgment for the Defendants and against the Plaintiff should be entered by the Court. Accordingly, it is,

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment be and the same is hereby GRANTED; it is, further,

ORDERED AND ADJUDGED that final judgment be and the same is hereby entered against the Plaintiff, JOHN SUSOR, and for the Defendants, TOWN OF INDIAN SHORES, a municipal corporation duly organized and existing under the laws of the State of Florida; ROLLIN R. SAVAGE, SUE BREEDING, EDSON D. BURNETT, SHERRI JACOBS, EVELYN MICHEL, RUTH E. SMITH, LEWIS R. CASE, JOAN HERNDON and WILLIAM CADRECHA, and the Plaintiff take nothing by his suit and Defendants go hence without day; it is, further

ORDERED AND ADJUDGED that this Court retains jurisdiction of the parties and the subject matter of this cause for the purpose of assessment of legal costs.