SCHWARTZ, Chief Judge.
This petition seeks certiorari review of a decision of the circuit court, sitting in its appellate capacity, which invalidated a zoning boundary change adopted by the Dade County commission. In striking down the resolution, which permitted a commercial use to intrude into a residentially-zoned area contrary to the recommendations of the county’s professional staffs and the terms of its land use plan, the lower court stated, in a unanimous decision authored by Judge Feder:
The neighborhood property in question is zoned EU-1 residential and is an area backing up on or bordered on one side by an office complex zoned RU-5A. The application which was approved covers a single finger projection which juts out from the RU-5A area into the EU-1 residential area and which finger would be surrounded on three sides by the EU-1 residences. Rather than being the proverbial Dutch Boy finger in the dike holding back the flood, it is more a penetrating and impermissible rape of the neighborhood, presaging the flood to come.
The test to be applied is the so-called “fairly debatable” rule: i.e., is there sufficient factually supported or legally cognizable grounds to make it fairly debatable as to whether the County Commission was justified in its action. Allapattah Community vs City of Miami, 379 So2nd 387 (Fla. 3rd DCA, 1980); Watson vs Mayfield Property, Inc., 223 So2nd 368, (Fla. 3rd DCA, 1969) Cert. discharged 233 So2nd 390 (Fla.1970).
On the contrary, we find there can be no debate, fair or otherwise, to justify the action of the County Commission herein and do, therefore, reverse the granting of the rezoning application.
The record demonstrates that the order below, far from representing a departure from the essential requirements of the law, see City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), is a perfect reflection of the principle that
[t]he law ... will not and cannot approve a zoning regulation — or any governmental action adversely affecting the rights of others — which is based on no more than the fact that those who support it have the power to work their will.
Allapattah Community Association, Inc. of Florida v. City of Miami, 379 So.2d 387, 394 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla.1980). See also Parking Facilities, Inc. v. City of Miami Beach, 88 So.2d 141 (Fla.1956) (disapproving spot zoning); County of Brevard v. Woodham, 223 So.2d 344 (Fla. 4th DCA 1969) (same), cert. denied, 229 So.2d 872 (Fla.1969); 7 Fla. Jur.2d Building, Zoning, and Land Controls § 110 (1978). We heartily approve the decision under review.
Certiorari denied.