SCHWARTZ, Chief Judge.
The Dade County Commission rezoned a tiny, 0.23 acre tract in the middle of a West Dade area known as “Horse Country” from AU (Agricultural Use) to BU-3 (Business Use-3) solely and admittedly so the owner could operate a feed store — which is forbidden in an AU zone, but permitted (along with many other uses) in BU-3. No other BU zoning is anywhere close. On the face of it, the rezoning resolution embodies, to the nth degree, all the evils of spot zoning,[1] Parking Facilities, Inc. v. City of Miami Beach, 88 So.2d 141 (Fla.1956); Dade County v. Frohme, 489 So.2d 140 (Fla. 3d DCA 1986); see Debes v. City of Key West, 690 So.2d 700 (Fla. 3d DCA 1997)(reverse spot zoning), specific-use-oriented zoning, Debes, 690 So.2d at 700; see ABG Real Estate Dev. Co. v. St. Johns County, 608 So.2d 59 (Fla. 5th DCA 1992), cause dismissed, 613 So.2d 8 (Fla.1993), and power-imposed zoning, Debes; Allapattah Community Ass’n v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla.1980), which have been universally proscribed. The circuit court’s affirmance[2] of that decision, which is *910 now under review, thus represents a fundamental departure from the controlling law resulting in a miscarriage of justice, and is therefore quashed. See Haines City Community Dev. v. Heggs, 658 So.2d 528 (Fla.1995); Debes.
The cause is remanded for the circuit court to reverse the resolution in question.
Certiorari granted.

. The extent of the violation of this principle is so pronounced in this case that the term "spot zoning” does not do it justice. Perhaps “melanoma zoning” or, for short, “melazoning” would be more appropriate.

. The court’s decision came only on rehearing granted after it had first reversed the resolution. The initial opinion by Judge Miller correctly states:
Appellants, BIRD KENDALL HOMEOWNERS ASSOCIATION, INC., and RICHARD STILL, contend that the METRO DADE COUNTY BOARD OF COUNTY COMMISSIONERS, the Appellee, permitted illegal spot zoning and that its decision constituted unlawful contract zoning. We agree.
This court's standard of review for zoning cases requires us to determine whether the Appellee accorded the appellants due process, observed the essential requirements of the law and supported its decision with substantial competent evidence. Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993).
In Snyder, the Supreme Court adopted a strict scrutiny standard for quasi — judicial review of rezoning orders to determine whether the requested rezoning is consistent with the comprehensive development master plan and complies with all the procedural requirements of the zoning ordinance.
Turning now to the central issue on appeal, we address whether appellees’ actions constituted spot zoning. The definition of spot zoning is well established:
Spot zoning is the name given to the piecemeal rezoning of small parcels of land to a greater density, leading to disharmony with the surrounding area. Spot zoning is usually thought of as giving preferential treatment to one parcel at the expense of the zoning scheme as a whole.
Southwest Ranches Homeowners Assoc. v. Broward County, 502 So.2d 931, 935 (Fla. 4th DCA 1987). Further, the Third District Court of Appeal detailed spot zoning as:
[A] rezoning which creates a small island of property with restrictions on its use different from that of surrounding properties— solely for the benefit of a particular property owner.
City Commission of the City of Miami v. Woodlawn Park Cemetery Co., 553 So.2d 1227, 1240 (Fla. 3d DCA 1989). In characterizing the elements of spot zoning, a spot zoning challenge typically involves the examination of the following:
1) the size of the spot; 2) the compatibility with the surrounding area; 3) the benefit to the owner and 4) the detriment to the immediate neighborhood. Parking Facilities, Inc. v. City of Miami Beach, 88 So.2d 141 (Fla. *910 1956) and Dade County v. Inversiones Rafamar S.A., 360 So.2d 1130 (Fla. 3d DCA 1978).
This case involves a 4.24 acre parcel of land zoned AU which is smaller than the 5 acre gross area minimum required in an AU zone. Appellee rezoned .23 acres of the property or five percent of the property to a BU-3 classification permitting the operation of an animal feed supply business. Moreover, expert testimony confirmed that no other land in all of Horse Country is zoned BU-3. This would be the only BU-3 zoning in this two square mile area.... Not only would this zoning change have the effect of changing the AU zoning character of this entire neighborhood, but the only benefit that would arise from this change would inure solely to the owner.... This change would in turn hurt the rest of the residents and the essential nature of this two square mile area.
Based on the evidence, it is clear that the changed zoning ... does not comply with established zoning law. Snyder at 475. Appel-lees' granting of Resolution 2-230-94 which permits commercial development in a residential community will lead only to the future disintegration of this area.